**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELIA IBARRA, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:20-cv-7015 ) ) |
| PROSPERA, LLC, PORTFOLIO HOTELS & RESORTS, LLC, MAVERICK HOTELS AND RESTAURANTS, LLC, AND SOMNIUM HOSPITALITY GROUP, LLC | ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant Prospera, LLC ("Prospera") hereby removes this putative class action from the Circuit Court of DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of the Complaint, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

### I.      Overview of Claims Asserted and Relief Sought

Plaintiff Elia Ibarra has filed a class action complaint against four defendants, including Prospera, a hotel and restaurant development and management company. The Complaint asserts that Plaintiff worked from April 2015 to February 2020 as a housekeeper for a hotel that each defendant allegedly managed at some point in time during that period. Compl. ¶¶ 1-4, 54

(attached as part of Exhibit A).[1]  The Complaint avers that Prospera, which managed the hotel from 2018 to 2019, required Plaintiff "to scan her fingerprint so Prospera could use it as an authentication method to track her time and breaks."[2]  *Id.* at ¶¶ 2, 56.

Plaintiff alleges five categories of violations under three separate subparts of BIPA's Section 15.  Specifically, Plaintiff alleges that each defendant:

> 1)      Did not make publicly available a written policy about retention and destruction of biometrics; lacks retention schedules and guidelines for permanently destroying data; and will not destroy Plaintiff's and the class members' biometric data within the time period BIPA requires (section 15(a));

> 2)      Failed to inform Plaintiff in writing that her biometrics were being recorded, obtained, collected, or stored (section 15(b)(1));

> 3)      Did not inform Plaintiff of the specific purpose and length of term for which her biometrics were being collected, stored, and used (section 15(b)(2));

> 4)      Did not obtain a written release from Plaintiff (section 15(b)(3)); and

> 5)      Did not obtain consent before disclosing biometrics to a third party (section 15(d)).

Compl. ¶¶ 92-93, 104-05, 117.  Plaintiff requests several forms of relief, including "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA."  *Id.* at ¶¶ 94, 107, 119.

The putative class is defined as follows:

> All individuals working for any Defendant in the State of Illinois who had their fingerprints or hand geometry collected, captured, received, or otherwise obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

*Id.* at ¶ 73.

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on Defendant. 28 U.S.C. § 1446(a).

[2] The other named defendants are alleged to have similarly required Plaintiff to scan either her finger or her hand to clock in and out of work at some time between April 2015 and February 2020.  Compl. ¶¶ 55-62.

## II.     Removal is Proper under CAFA

The Court has jurisdiction under CAFA, and removal is therefore proper, because this is a purported "class action" (*id.* at ¶¶ 71–82) in which (a) minimal diversity exists, and (b) the amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(1)(B); 1332(d)(2); 1446; 1453.

### A.     Minimal Diversity Exists

Minimal diversity exists under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Upon information and belief, Plaintiff is a citizen of Illinois.  *See* Compl. ¶ 18.  Prospera, LLC, as the Complaint recognizes, is a Delaware entity with its principal place of business in Pennsylvania.  *Id.* at ¶ 2; *see also* Declaration of Timothy A. Breed, ¶¶ 2-3 (attached as Exhibit B).  Regarding the citizenship of an LLC, CAFA specifically provides that, for purposes of CAFA jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *see also Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 (9th Cir. 2009) ("CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes, and renders inapplicable the procedure in Federal Rule of Civil Procedure 23.2, which generally determines whether a federal court has subject matter jurisdiction over an action involving an unincorporated association.")  **Courts have widely applied this provision to limited liability companies**.  *See, e.g.*, *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699–700 (4th Cir. 2010) ("[F]or purposes of determining subject matter jurisdiction under the Class Action Fairness Act of 2005 ('CAFA'), a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. §

1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Sabeehullah v. Fairlife, LLC*, No. 219-CV-00222-TLS-JPK, 2019 WL 3059803, at *1 (N.D. Ind. July 12, 2019) ("[F]or the purpose of determining citizenship under CAFA, limited liability companies and other business entities are treated as corporations." (collecting cases)); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 (C.D. Ill. 2016) ("Noting that the defendants are LLCs, the court would normally require the citizenship of the LLCs to be properly alleged.  The inquiry would require a determination of the citizenship of each member of the defendant LLCs.  However, under CAFA, 'an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'  The complaint alleges that Jimmy John's is a Delaware limited liability company with its principal place of business in Illinois.  The allegation is sufficient." (citations omitted)).

Based on the plain text of CAFA and the foregoing case law, for purposes of CAFA jurisdiction, Prospera is a citizen of Delaware and Pennsylvania.  Because Plaintiff is a citizen of Illinois, minimal diversity exists.[3]

### B.    The Amount in Controversy Exceeds $5,000,000

CAFA's amount-in-controversy requirement is satisfied because, on the face of Plaintiff's Complaint, the aggregate amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).  The Complaint contends that <u>each</u> class member is entitled to statutory damages of up to $5,000 from <u>each</u> of the

---

[3] Alternatively, for purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).  Prospera has one member, Prospera Hospitality Services, LLC, which is a Delaware limited liability company. Prospera Hospitality Services, LLC has one member, Kevin P. Kilkeary, who is a citizen of Pennsylvania.  Ex. B, ¶ 4.

five defendants for <u>each</u> of the five BIPA violations alleged.  Compl. ¶¶ 94, 107, 119.

According to Prospera's records, during the limited time period in which Prospera managed

Plaintiff's place of employment, there are at least 240 individuals who used the technology

Plaintiff claims falls under BIPA to clock in and out of work.  Ex. B, ¶ 6; *see* 28 U.S.C. §

1446(b)(3) (grounds for removal may be ascertained from "an amended pleading, motion, order

or other paper").  Even without considering the other three defendants, such a class size would

exceed the required amount in controversy for the five BIPA violations alleged (240 x $5,000 x 5

= $6,000,000).[4]  The amount-in-controversy requirement is clearly satisfied.  *See Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold.").

## III.      The Procedural Requirements for Removal Have Been Satisfied

Prospera is entitled to remove this matter without the consent of any other co-defendant,

and regardless of whether one or more of its co-defendants are Illinois citizens, as CAFA waives

both (i) the limitation on removal where a defendant is a citizen of the state in which the action is

brought, and (ii) the requirement that a removing defendant obtain consent from all other

defendants "properly joined and served."  28 U.S.C. § 1453(b); *Tri-State Water Treatment, Inc. v.*

*Bauer*, 845 F.3d 350, 353 (7th Cir. 2017).

A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b).

Prospera was served on October 26, 2020.  *See* Ex. A.  Counting forward 30 days comes to

November 25, 2020.  Prospera is today timely filing this notice with the Circuit Court of DuPage

---

[4] By acknowledging that, as pled, the Complaint's allegations satisfy CAFA's amount-in-controversy,
Prospera does not agree with or concede that Plaintiff is entitled to up to $5,000 per alleged BIPA
violation or that each violation alleged entitles Plaintiff to an additional $5,000.

County, along with an executed copy of the Notice of Filing Notice of Removal, attached hereto

as Exhibit C.  Prospera is also today serving those filings on all parties.  *See* 28 U.S.C. § 1446(d).

Dated:  November 25, 2020                          Respectfully submitted,

                                                                    **PROSPERA, LLC**

                                                                    By: */s/ Erin Bolan Hines*
                                                                         One of Its Attorneys

                                                                    Melissa A. Siebert (*masiebert@shb.com*)
                                                                    Erin Bolan Hines (*ehines@shb.com*)
                                                                    SHOOK, HARDY & BACON L.L.P.
                                                                    111 South Wacker Drive, Suite 4700
                                                                    Chicago, Illinois 60606
                                                                    Tel:  (312) 704-7700
                                                                    Fax:  (312) 558-1195

## CERTIFICATE OF SERVICE

I, Erin Bolan Hines, an attorney, hereby certify that on **November 25, 2020**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Ibarra v. Prospera, LLC et al..*, Case No. 2020CH000562, in the Circuit Court of DuPage County, addressed as follows:

> Ryan F. Stephan (rstephan@stephanzouras.com)
> Haley R. Jenkins (hjenkins@stephanzouras.com)
> Stephan Zouras, LLP
> 100 N. Riverside Plaza
> Suite 2150
> Chicago, IL  60606
>
> ***Attorneys for Elia Ibarra***

*/s/ Erin Bolan Hines*