# Exhibit A

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 10661558
2020CH000562
FILEDATE: 10/2/2020 6:31 PM
Date Submitted: 10/2/2020 6:31 PM
Date Accepted: 10/5/2020 9:04 AM
AT

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT**
**STATE OF ILLINOIS, COUNTY OF DUPAGE**

| | |
|---|---|
| ELIA IBARRA, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PROSPERA, LLC, PORTFOLIO HOTELS & RESORTS, LLC, MAVERICK HOTELS AND RESTAURANTS, LLC, AND SOMNIUM HOSPITALITY GROUP, LLC | ) ) ) ) ) |
| Defendants. | ) |

Case No. 2020CH000562

## CLASS ACTION COMPLAINT

Plaintiff Elia Ibarra ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Prospera, LLC ("Prospera"), Portfolio Hotels & Resorts, LLC ("Portfolio Hotels"), Maverick Hotels and Restaurants, LLC ("Maverick Hotels") and Somnium Hospitality Group, LLC ("Somnium") (collectively, "Defendants"), to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## NATURE OF THE ACTION

1.     Defendant Portfolio Hotels is an Illinois company based in Oak Brook, Illinois that manages hotels across the country, including Illinois. Portfolio Hotels managed the Hilton Chicago/Oak Brook Hills Resort & Conference Center from at least 2014 to 2018.

2.     Defendant Prospera is a Deleware company based in Sewickley, Pennsylvania, that manages hotels and restaurants across the country, including Illinois. Prospera managed the Hilton Chicago/Oak Brook Hills Resort & Conference Center from 2018 to 2019.

3.     Defendant Maverick is an Illinois company based in Chicago, Illinois that manages hotels across the country, including Illinois. Maverick managed the Hilton Chicago/Oak Brook Hills Resort & Conference Center from 2018 to the present.

4.     Defendant Somnium is a hotel management company that was incorporated in Illinois. Somnium managed the Hilton Chicago/Oak Brook Hills Resort & Conference Center from 2018 to the present.

5.     When Defendants hire an employee, including Plaintiff, he or she is enrolled in their shared employee database(s) using a scan of his or her fingerprint or hand geometry. Defendants use the employee database(s) to monitor the time worked by its employees.

6.     While many employers use conventional methods for tracking time worked (such as ID badges or punch clocks), Defendants' employees are required, as a condition of employment, to have their fingerprints or hand geometry scanned by a biometric timekeeping device.

7.     Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants' – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

2

8.      Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – a fingerprint and hand geometry are unique, permanent biometric identifiers associated with each employee. This exposes Defendants' employees to serious and irreversible privacy risks. For example, if a database containing fingerprints, hand geometry, or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Equifax, Facebook/Cambridge Analytica, and Suprema data breaches– employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

9.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

10.     An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and facial photographs – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

11.     In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018),

*available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

12.     In August 2019 it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database. Major Breach Found in Biometrics System Used by Banks, UK police and Defence Firms, The Guardian (Aug. 14, 2019), available at     https://www.theguardian.com/technology/2019/aug/14/major-breach-found-in-biometrics-system-used-by-banks-uk-police-and-defence-firms.

13.     In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent. Drew Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches*, The Washington Post (July 7, 2019), *available at* https://www.washingtonpost.com/technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition-searches/?noredirect=on&utm_term=.da9afb2472a9.

14.     This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

4

15.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints and hand geometry.

16.     Notwithstanding the clear and unequivocal requirements of the law, Defendants disregard Plaintiff's and other similarly-situated employees' statutorily protected privacy rights and unlawfully collect, store, disseminate, and use Plaintiff's and other similarly-situated employees' biometric data in violation of BIPA. Specifically, Defendants violated and continue to violate BIPA because they did not and continue not to:

    a.      Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints or hand geometry were being collected, stored, and used, as required by BIPA;

    b.      Develop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' fingerprints or hand geometry, as required by BIPA;

    c.      Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints or hand geometry, as required by BIPA; and

    d.      Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints or hand geometry to a third party as required by BIPA.

17.     Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

18.     Plaintiff Elia Ibarra is a natural person and a resident of the State of Illinois.

5

19.     Defendant Prospera is a Delaware limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including DuPage County.

20.     Defendant Portfolio Hotels is an Illinois limited liability company that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including DuPage County.

21.     Defendant Maverick is an Illinois limited liability company that has been registered with the Illinois Secretary of State and conducts business in the State of Illinois, including DuPage County.

22.     Defendant Somnium is an Illinois limited liability company that has been registered with the Illinois Secretary of State and conducts business in the State of Illinois, including DuPage County.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because Defendants have conducted business in Illinois, were registered to conduct business in Illinois, and committed statutory violations alleged herein in Illinois.

24.     Venue is proper in DuPage County because Defendants have conducted business in this State, conducted business transactions in DuPage County, and committed the statutory violations alleged herein in DuPage County, Illinois.

## FACTUAL BACKGROUND

I.     **The Biometric Information Privacy Act.**

25.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions,

6

including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

26.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

27.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

28.     Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

29.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

      a.      Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

      b.      Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

      c.      Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

30.      BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

31.      Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

32.      BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

33.      BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention

8

schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

34.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

35.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

36.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

II.     **Defendants Violate the Biometric Information Privacy Act.**

37.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

9

38.     However, each Defendant failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, Defendants continue to collect, store, use, and disseminate their employees' biometric data in violation of BIPA.

39.     Specifically, from 2014 to 2018 when employees are hired, Defendant Portfolio Hotels required them to have their fingerprints scanned to enroll them in Defendant's shared employee database(s).

40.     Upon information and belief, when Defendant Prospera assumed control of the hotel, Defendant Portfolio Hotels disclosed, redisclosed, or otherwise disseminated Plaintiff's and other similarly situated employees' biometric data to Prospera.

41.     From 2018 to 2019, Defendant Prospera required all hourly employees to have their fingerprints scanned to enroll them in its employee database(s).

42.     Upon information and belief, when Defendants Maverick and Somnium assumed control of the hotel in 2019, Defendant Prospera disclosed, redisclosed, or otherwise disseminated Plaintiff's and other similarly situated employees' biometric data to Portfolio Hotels.

43.     When Defendants Maverick and Somnium assumed control of the hotel in 2019, they continued the practice of requiring all hourly employees to have their fingerprints scanned to enroll them in their shared employee database(s).

44.     In 2019, Defendants Maverick and Somnium implemented new biometric timeclocks that used hand geometry as an authentication method to track their employees' time and breaks. As a result, Maverick and Somnium required all hourly employees to have their hand scanned to enroll them in their shared employee database(s).

45.     Each Defendants used or uses employee time tracking systems that requires employees to use fingerprints or hand geometry as a means of authentication. In accordance with

Defendants' policies, their employees are required to use their fingerprints or hand geometry to clock-in and clock-out, recording their time worked.

46.     Each Defendant fails or failed to inform their employees that they disclose or disclosed their biometric data amongst themselves and to at least one third-party biometric timekeeping vendor, and likely others; fail to inform their employees that they disclose their biometric data to other, currently unknown, third parties, which host the biometric data in their data centers; fail to inform their employees of the purposes and duration for which they collect their sensitive biometric data; and, fail to obtain written releases from employees before collecting their fingerprints or hand geometry.

47.     Each Defendant failed to develop or adhere to a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

48.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct – where individuals are aware that they are providing a fingerprint or hand geometry, but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint or hand geometry, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Each Defendant disregards these obligations and their employees' statutory rights and instead unlawfully collects, stores, uses and disseminates their employees' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

11

49.     Each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the employee's last interaction with the company.

50.     No Defendant tells Plaintiff and others similarly situated what might happen to their biometric data if and when any Defendant merges with another company, or worse, if and when any Defendants' business folds, or when the other third parties that have received employees' biometric data businesses fold.

51.     Since Defendants neither publish a BIPA-mandated data retention policy nor discloses the purposes for its collection and use of biometric data, Defendants' employees have no idea at the time of collection whether Defendants sell, disclose, redisclose, or otherwise disseminate their biometric data. Moreover, Plaintiff and others similarly situated are not told at the time of collection to whom Defendants disclose their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

52.     These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

53.     By and through the actions detailed above, each Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.     Plaintiff Elia Ibarra's Experience**

54.     Plaintiff Elia Ibarra worked for Defendants at the Hilton Chicago/Oak Brook Hills Resort & Conference Center, located at 3500 Midwest Rd, Oak Brook, IL 60523, from April 2015 to February 2020 as a housekeeper.

12

55.     As a condition of her employment with Defendant Portfolio Hotels, Plaintiff was required to scan her fingerprint so Portfolio Hotels could use it as an authentication method to track her time and breaks.

56.     In 2018 when Defendant Prospera took over management of the hotel, as a condition of her employment, Plaintiff was required to scan her fingerprint so Prospera could use it as an authentication method to track her time and breaks.

57.     In 2019 when Defendants Maverick and Somnium assumed ownership and management of the hotel, Plaintiff was required to scan her fingerprint so Maverick and Somnium could use it as an authentication method to track her time and breaks.

58.     Upon information and belief, each time a new management company acquired control of the hotel, the previous company shared its employees' biometric data with the successor.

59.     In 2019, Defendants Maverick and Somnium implemented new biometric timeclocks that used hand geometry as an authentication method to track their employees' time and breaks. As a condition of her employment with Maverick and Somnium, Plaintiff was required to scan her hand geometry to track her time and breaks.

60.     Defendants stored Plaintiff's fingerprint and hand geometry data in their shared employee database(s).

61.     Each Defendant required Plaintiff to scan her fingerprint each time she began and ended her workday, as well as each time she clocked in and out for breaks.

62.     Defendants Maverick and Somnium required Plaintiff to scan her hand geometry each time began and ended her workday, as well as each time she clocked in and out for breaks

63.     No Defendant ever informed Plaintiff in writing or otherwise of the purpose(s) and length of time for which her fingerprint or hand geometry data was being collected, did not obtain

13

a written release from Plaintiff to collect, store, or use her biometric data, did not develop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's biometric data, and did not obtain Plaintiff's consent before disclosing or disseminating her biometric data to third parties.

64. Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collects, stores, uses and/or disseminates her biometric data.

65. Plaintiff has never been informed of any biometric data retention policy developed by Defendants, nor had she ever been informed of whether any Defendant would ever permanently delete her biometric data.

66. Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect, store, use or disseminate her biometric data.

67. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by each Defendant's multiple violations of BIPA alleged herein.

68. No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the lax procedures through which Defendants capture, store, use, and disseminate her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendants if she had known that Defendants would retain such information for an indefinite period of time without her consent.

69. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

14

70.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

71.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

72.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

73.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals working for any Defendant in the State of Illinois who had their fingerprints or hand geometry collected, captured, received, or otherwise obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

74.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

    A.     The class is so numerous that joinder of all members is impracticable;

15

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

75.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendants' payroll records.

### Commonality

76.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether any Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.     Whether any Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.     Whether any Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.     Whether any Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.     Whether any Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.     Whether any Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

16

       G.     Whether any Defendant complies with any such written policy (if one exists);

       H.     Whether any Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

       I.     Whether any Defendant used Plaintiff's and the Class's fingerprints or hand geometry to identify them;

       J.     Whether the violations of BIPA were committed negligently; and

       K.     Whether the violations of BIPA were committed intentionally or recklessly.

77.     Plaintiff anticipates that Defendants will raise defenses that are common to the class.

### Adequacy

78.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

### Typicality

79.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

80.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

17

**Predominance and Superiority**

81.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

82.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**

**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

83.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

84.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically,

18

those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

85. Each Defendant fails to comply with these BIPA mandates.

86. Defendant Prospera is a Delaware limited liability company registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

87. Defendant Portfolio Hotels is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

88. Defendant Maverick is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

89. Defendant Somnium is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

90. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their fingerprints or hand geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

91. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

92. Each Defendant failed to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

19

93.     Each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and have not and will not destroy Plaintiff's or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

94.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

95.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

96.     BIPA requires companies to obtain informed written consent from individuals **before** acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] ***first***: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release

executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

97.     Each Defendant fails to comply with these BIPA mandates.

98.     Defendant Prospera is a Delaware limited liability company registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

99.     Defendant Portfolio Hotels is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

100.    Defendant Maverick is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

101.    Defendant Somnium is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

102.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints or hand geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

103.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

104.    Each Defendant systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without **first** obtaining the written release required by 740 ILCS § 14/15(b)(3).

105.    No Defendant ever informed Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated, nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of

21

term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

106.    By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

107.    On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### THIRD CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

108.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

109.    BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without **first** obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

110.    Each Defendant fails to comply with this BIPA mandate.

22

111.    Defendant Prospera is a Delaware limited liability company registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

112.    Defendant Portfolio Hotels is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

113.    Defendant Maverick is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

114.    Defendant Somnium is an Illinois limited liability company and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

115.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints or hand geometry), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

116.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

117.    Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without **first** obtaining the consent required by 740 ILCS § 14/15(d)(1).

118.    By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

119.    On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by

23

requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Elia Ibarra respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Elia Ibarra as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B. Declaring that Defendants' actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D. Declaring that Defendants' actions, as set forth above, were intentional and/or reckless;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H. Awarding such other and further relief as equity and justice may require.

Date:   October 2, 2020                    Respectfully Submitted,

                                           */s/ Haley R. Jenkins*
                                           Ryan F. Stephan
                                           Haley R. Jenkins
                                           **STEPHAN ZOURAS, LLP**
                                           100 N. Riverside Plaza,
                                           Suite 2150
                                           Chicago, Illinois 60606
                                           312.233.1550
                                           312.233.1560 *f*
                                           rstephan@stephanzouras.com
                                           hjenkins@stephanzouras.com

                                           223230-CLK

                                           **ATTORNEYS FOR PLAINTIFF
                                           AND THE PUTATIVE CLASS**

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| DuPage ▼ COUNTY | | |

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | Prospera, LLC, Portfolio Hotels & Resorts, LLC, Maverick Hotels and Restaurants, LLC, and Somnium Hospitality Group, LLC. _____ | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | 2020CH000562 **Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** Amount claimed: $ See complaint. _____ |
|---|---|
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** Name *(First, Middle, Last)*: Haley R. Jenkins     **DuPage Atty # 223230 CLK** Street Address, Apt #: 100 N. Riverside Plaza, Suite 2150 City, State, ZIP: Chicago, IL 60606 Telephone: (312) 233-1550 See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** Name *(First, Middle, Last)*: Maverick Hotels & Restaurants; R/A: Robert Habeeb Street Address, Apt #: 1550 S. Indiana Ave., Suite 201 City, State, ZIP: Chicago, IL 60605 Telephone: _____ See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. Follow the instructions on the next page on how to appear/answer. <br> • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br> • Your written appearance/answer must be filed on time and in the proper form. <br> • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp <br> If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* <br> You should read all of the documents attached. |
|---|---|

Request received on 11/3/20 2:55 PM  Document supplied on 11/04/2020 12:01:48 # 4599954/170431300489

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):**<br><br>To respond to this *Summons* you must:<br><br>☐ Go to court:<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____ Court Room: _____<br>City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____<br><br>☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____ |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | Witness this date 10/8/2020 3:43 PM<br><br>Clerk of the Court: *[signature]* CM        *Seal of Court* |

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br><br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>DuPage ▼ COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | 2020CH000562<br>**Case Number** |

**Stop. Do not complete the form. The sheriff will fill in the form.**

| DO NOT complete this section. The sheriff will complete it. | **My name is** _____ **and I swear under oath**<br>*First, Middle, Last*<br>that I served the *Summons* and Complaint/Petition on the Defendant/Respondent |
|---|---|

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐ Female: ☐ Approx. Age: _____ Hair Color: _____
Height: _____ Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐ Female: ☐ Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*


_____
*Print Name*

**FEES**

By certified/registered   $ _____

Service and Return   $ _____

Miles: _____   $ _____

Total   $ _____

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>DuPage ▼ COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | Prospera, LLC, Portfolio Hotels & Resorts, LLC, Maverick Hotels and Restaurants, LLC, and Somnium Hospitality Group, LLC. _____ | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | 2020CH000562<br>**Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:**<br>Amount claimed: $ See complaint. _____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* Haley R. Jenkins **DuPage Atty # 223230 CLK**<br>Street Address, Apt #: 100 N. Riverside Plaza, Suite 2150<br>City, State, ZIP: Chicago, IL 60606<br>Telephone: (312) 233-1550<br>See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last):* Somnium Hospitality Group, LLC; R/A: Steven Ellingsen<br>Street Address, Apt #: 8611 Frontage Rd.<br>City, State, ZIP: Skokie, IL 60077<br>Telephone:<br>See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

Request received on 11/3/20 2:56 PM  Document supplied on 11/04/2020 12:02:33 # 4599955/170431300490

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date** ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ *Seal of Court* |

10/8/2020 3:43 PM

**Clerk of the Court**

CM

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.** |

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

DuPage ▼ **COUNTY**

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

2020CH000562

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

**My name is** _____ **and I swear under oath**
                    *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
   Height: _____   Weight: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   And left it with: _____
                      *First, Middle, Last*
   Male: ☐   Female: ☐   Approx. Age: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the
   above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                                  *First, Middle, Last*
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

**FEES**

By certified/registered    $ _____
Service and Return    $ _____

_____
*Print Name*

Miles: _____    $ _____

Total    $ _____

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| DuPage ▼ COUNTY | | |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | Prospera, LLC, Portfolio Hotels & Resorts, LLC, Maverick Hotels and Restaurants, LLC, and Somnium Hospitality Group, LLC. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

**2020CH000562**

**Case Number**

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** |
| | Amount claimed: $ See complaint. |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last)*: Haley R. Jenkins    **DuPage Atty # 223230 CLK** |
| | Street Address, Apt #: 100 N. Riverside Plaza, Suite 2150 |
| | City, State, ZIP: Chicago, IL 60606 |
| | Telephone: (312) 233-1550 |
| | See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** |
| | Name *(First, Middle, Last)*: Portfolio Hotels & Resorts, LLC; R/A: Graham Hershman |
| | Street Address, Apt #: 601 Oakmont Ln., Suite 420 |
| | City, State, ZIP: Westmont, IL 60559 |
| | Telephone: |
| | See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. |
|---|---|
| | Follow the instructions on the next page on how to appear/answer. |
| | • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. |
| | • Your written appearance/answer must be filed on time and in the proper form. |
| | • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp |
| | If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*. |
| | You should read all of the documents attached. |

Request received on 11/3/20 2:59 PM  Document supplied on 11/04/2020 12:04:13 # 4599957/170431300492

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date** |

10/8/2020 3:43 PM

*Seal of Court*

**Clerk of the C...**

CM

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.** |

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

**DuPage** ▾ **COUNTY**

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | 2020CH000562 <br> **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

**My name is** _____ **and I swear under oath**
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
  Height: _____  Weight: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
  *First, Middle, Last*
  Male: ☐  Female: ☐  Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
  *First, Middle, Last*
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| | By: |
|---|---|
| **DO NOT** complete this section. The sheriff, or private process server will complete it. | |

_____
_Signature_

_____
_Print Name_

**FEES**

| | | |
|---|---|---|
| By certified/registered | $ | _____ |
| Service and Return | $ | _____ |
| Miles: _____ | $ | _____ |
| Total | $ _____ | |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS,**<br>**CIRCUIT COURT**<br><br>DuPage ▾ **COUNTY** | **SUMMONS** | *For Court Use Only* |

| | |
|---|---|
| **Instructions ▾** | |
| Enter above the county name where the case was filed. | Elia Ibarra<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Prospera, LLC, Portfolio Hotels & Resorts, LLC, Maverick Hotels and Restaurants, LLC, and Somnium Hospitality Group, LLC. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

| |
|---|
| 2020CH000562 |
| **Case Number** |

---

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In **3**, enter the name of the person you are suing and their address.
If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

1. **Information about the lawsuit:**

   Amount claimed:    $  See complaint.

2. **Contact information for the Plaintiff/Petitioner:**

   Name *(First, Middle, Last):* Haley R. Jenkins    **DuPage Atty # 223230 CLK**

   Street Address, Apt #:  100 N. Riverside Plaza, Suite 2150

   City, State, ZIP:  Chicago, IL 60606

   Telephone:  (312) 233-1550

   See attached for additional Plaintiff/Petitioner contact information

3. **Contact information for the Defendant/Respondent:**

   Name *(First, Middle, Last):* Prospera, LLC; R/A Illinois Corporation Service

   Street Address, Apt #:  801 Adlai Stevenson Drive

   City, State, ZIP:  Springfield, IL 62703

   Telephone:

   See attached for additional Defendant/Respondent contact information

---

| | |
|---|---|
| **Important Information for the person receiving this form:** | You have been sued.<br><br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br><br>You should read all of the documents attached. |

Request received on 11/3/20 2:57 PM   Document supplied on 11/04/2020 12:03:27 # 4599956/170431300491

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this D...** ⟨seal⟩ 10/8/2020 3:43 PM *Seal of Court*  **Clerk of the C...** CM |

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**  Date of Service: _____  *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>DuPage ▼ **COUNTY** | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Elia Ibarra _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v.<br><br>_____ |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

**2020CH000562**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

**My name is** _____ **and I swear under oath**
*First, Middle, Last*

**that I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**

*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐    Female: ☐    Approx. Age: _____    Hair Color: _____

Height: _____    Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____

*First, Middle, Last*

Male: ☐    Female: ☐    Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____

*First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2020CH000562

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

**FEES**

By certified/registered    $ _____

Service and Return    $ _____

_____
*Print Name*

Miles: _____    $ _____

Total    $ _____

Case 1:20-cv-07315 Document # : 1 Filed: 12/22/20 Page 43 of 94 PageID #:50



Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
2020CH000562
ENVELOPE: 11102641
FILEDATE: 11/12/2020 12:00 AM
Date Submitted: 11/11/2020 2:40 PM
Date Accepted: 11/12/2020 3:47 PM JF

*JACK CAMPBELL*
#1 Sheriffs Plaza
Springfield, IL 62701

Administration – (217) 753-6855
Records – (217) 753-6846

Investigations – (217) 7
Corrections – (217) 7

SG TRACKING #20- 5197

I, __Smith__ certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number __20CH562__

Name of defendant __Prospera, LLC__

Name of other person Summons left with __Karl Lueschen__

Sex: ( Ⓜ / F )  Race: __W__  Approx. Age: __30's__

Date of Service __10/26__ /2020  Time __1330__

Date of Mailing _____

Address at which paper was served:
__801 ADLAI STEVENSON DR__
__SPFLD IL 62703__

Service fees (Circle One) **$50.00** or **$100.00**

Circle One: PAID    PAUPER    NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriff's Office

By _____ , Deputy # __4973__

## IN PARTNERSHIP WITH THE COMMUNITY

Request received on 11/23/20 10:28 AM  Document supplied on 11/23/2020 12:22:27 # 4601833/170431302368

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 10960300
2020CH000562
FILEDATE: 10/29/2020 3:21 PM
Date Submitted: 10/29/2020 3:21 PM
Date Accepted: 10/29/2020 3:38 PM
EP

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT STATE OF ILLINOIS, COUNTY OF DUPAGE

| | |
|---|---|
| ELIA IBARRA individually, and<br>on behalf of all others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| PROSPERA, LLC, PORTFOLIO HOTELS<br>& RESORTS, LLC, MAVERICK HOTELS<br>AND RESTAURANTS, LLC, AND<br>SOMNIUM HOSPITALITY GROUP, LLC | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

Case No. 2020-CH-000562

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **January 29, 2021 at 9:00 a.m. C.S.T.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Bonnie M. Wheaton, or any judge sitting in her stead, at 505 N. County Farm Rd., Wheaton, IL 60187, Courtroom 2007, and present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES.**

/s/ Haley R. Jenkins
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
hjenkins@stephanzouras.com

223230 clk

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on October 29, 2020, I electronically filed the attached with the Clerk of the Court using the Court's electronic, which will send such filing to all attorneys of record.

<u>/s/ Haley R Jenkins</u>

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICAL CIRUCIT STATE OF ILLINOIS, COUNTY OF DUPAGE**

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 10878039
2020CH000562
FILEDATE: 10/22/2020 4:13 PM
Date Submitted: 10/22/2020 4:13 PM
Date Accepted: 10/22/2020 4:20 PM
AM

|  |  |  |
|---|---|---|
| ELIA IBARRA individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2020-CH-000562 |
| v. | ) ) | |
| PROSPERA, LLC, PORTFOLIO HOTELS & RESORTS, LLC, MAVERICK HOTELS AND RESTAURANTS, LLC, AND SOMNIUM HOSPITALITY GROUP, LLC | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES**

Plaintiff Elia Ibarra ("Plaintiff") alleges that Prospera, LLC ("Prospera"), Portfolio Hotels & Resorts, LLC ("Portfolio Hotels"), Maverick Hotels and Restaurants, LLC ("Maverick"), and Somnium Hospitality Group, LLC ("Somnium") (collectively, "Defendants"), systematically violated the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1, *et seq*. Consistent with the rulings of federal and state courts overseeing BIPA actions, this case is well suited for class certification under 735 ILCS 5/2-801. *See Alvarado v. International Laser Prod., Inc.*, Case No. 18 C 7756 (N.D. Ill. June 19, 2019), attached as Exhibit A; *In re Facebook Biometric Information Privacy Litig.*, 2018 WL 1794295, at *10 (N.D. Cal. Apr. 16, 2018); *Patel v. Facebook Inc*., 2019 WL 3727424, at *8 (9th Cir. Aug. 8, 2019) (holding, in a BIPA case, that "a class action is superior to individual actions … .").

Specifically, Plaintiff seeks to certify a class consisting of potentially dozens of former and current similarly-situated employees who worked for Defendants in the State of Illinois who had

1

their fingerprints or hand geometry unlawfully collected, captured, received, obtained, maintained, stored or disclosed by Defendants during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims and the claims of similarly-situated individuals all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

Plaintiff moves for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendants. Plaintiff believes that the evidence and argumentation submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendants) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allows her to supplement this briefing and defer the response and reply deadlines.

## I.     RELEVANT BACKGROUND

### A.     The Biometric Information Privacy Act

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private

entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

> (1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) Receives a written release executed by the subject of the biometric identifier or biometric information."

740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges – which can be changed or replaced if stolen or compromised – fingerprint and hand geometry scans are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has *no* means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Facebook/Cambridge Analytica, and Suprema data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. A showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018). *See also Patel v. Facebook Inc.*, 2019 WL 3727424, at *6 (9th Cir. Aug. 8, 2019) ("Because we conclude that BIPA protects the plaintiffs' concrete privacy interests and violations

3

of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests …the plaintiffs have alleged a concrete and particularized harm, sufficient to confer Article III standing."). Thus, recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

### B. Factual Allegations

Plaintiff filed this class action against Defendants on October 2, 2020, to redress Defendants' unlawful collection, obtainment, use, storage, and disclosure of their employees' biometric information under BIPA. In her Complaint, Plaintiff provided detailed allegations that Defendants' hourly employees were universally required to scan their fingerprints or hand geometry for enrollment in Defendants' system as a condition of their employment, but were not: (1) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendants, as required by BIPA; (2) informed in writing of the purpose(s) and length of time for which fingerprint or hand geometry data is being collected, stored, and used by Defendants; (3) provided (nor did they execute) a written release for Defendants in order to collect, store, or use their fingerprints or hand geometry, as required by BIPA; or (4) asked for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party, as required by BIPA. *See* Compl. ¶¶ 16, 39-50, 55-66.

Plaintiff Elia Ibarra worked for Defendants at the Hilton Chicago/Oak Brook Hills Resort & Conference Center, located at 3500 Midwest Rd, Oak Brook, IL 60523, from April 2015 to February 2020 as a housekeeper.. *Id*. ¶ 54. As a condition of employment, Plaintiff was required to scan her fingerprint or hand geometry each time she clocked in and out of work. *Id*. ¶¶ 55-57,

59, 62. Defendants subsequently stored Plaintiff's fingerprint and hand geometry data in their database(s). *Id*. ¶ 60.

Defendants failed to inform Plaintiff and other employees, of the extent of the purposes for which they collect and obtain individuals' sensitive biometric data or to whom the data is disclosed. *Id*. ¶¶ 16, 46, 48, 63. Defendants failed to provide their employees, including Plaintiff, with a written, publicly available policy identifying their retention schedules and guidelines for permanently destroying individuals' biometric data when the initial purpose for collecting or obtaining their biometric data is no longer relevant, as required by BIPA. *Id*. ¶¶ 16, 46, 51, 64, 84-85. Defendants' employees, including Plaintiff, are not told what might happen to their biometric data if and when any Defendant merges with another company or, worse, if and when Defendants' businesses fold. *Id*. ¶ 50. Since Defendants neither publish a BIPA-mandated data retention policy nor disclose the purposes for their collection of biometric data, employees, including Plaintiff, have no idea to whom Defendants sell, disclose, re-disclose, or otherwise disseminate their biometric data. *Id*. ¶¶ 16, 46. Nor are employees told to whom Defendants currently disclose their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. *Id*. ¶ 51. Finally, Defendants never secured a written release executed by any of their employees, including Plaintiff, permitting them to collect, obtain, store and use or disseminate employees' biometric data, as required by BIPA. *Id*. ¶¶ 16, 46, 63, 66, 97.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiff and similarly-situated individuals were subject to Defendants' common and uniform policies and practices and were victims of their schemes to unlawfully collect, obtain, store, use, and disseminate Plaintiff's and all other similarly-situated individuals' biometric data in direct violation of BIPA. As a result of Defendants' multiple violations of BIPA, Plaintiff and all other

similarly-situated individuals suffered an invasion of privacy and other damages.  Plaintiff now

seeks class certification for the following similarly-situated individuals, defined as:

> All individuals working for Defendants in the State of Illinois who had their
> fingerprint, hand geometry, or other biometric data collected, captured, received,
> or otherwise obtained, maintained, stored or disclosed by Defendants during the
> applicable statutory period.

Given Defendants' standard practices defined above and the straightforward and common legal

questions presented in this case, Plaintiff now moves for class certification. Notably, this motion

is being filed shortly after the Complaint was filed and before Defendants have responded. The

parties have not discussed settlement, neither settlement offers nor demands have been made, and

a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should

be granted.

## II.     STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design*

*Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner*

*v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the

trial court accepts the allegations of the complaint as true and should err in favor of maintaining

class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway*

*Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2-801 of the Code of Civil

Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over
any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the
class; and

(4) the class action is an appropriate method for the fair and efficient adjudication
of the controversy.

6

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

### III.    <u>ARGUMENT</u>

Plaintiff's claims here are especially suited for class certification because Defendants treated all hourly employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, obtainment, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.    <u>The Class Is So Numerous That Joinder of All Members Is Impracticable.</u>

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40

7

members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable.[1] As a result of Defendants' violations of BIPA, Plaintiff and all similarly-situated individuals were subjected to Defendants' common and uniform policies and practices and were victims of Defendants' schemes to unlawfully collect, obtain, store, use, and disseminate their extremely personal and private biometric data in direct violation of BIPA. As a result of Defendants' violations of the Act, Plaintiff and all other similarly-situated individuals suffered an infringement of the rights afforded to them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number of class members cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records. A review of Defendants' files regarding the collection, storage, use, and dissemination of their employees' biometric data performed during the class period is all that is needed to determine membership in Plaintiff's proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)[2]

---

[1]     Upon information and belief, Defendants employ over fifty (50) workers in the state of Illinois, many of whom are members of the class.

[2]     "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

(rejecting the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "Defendant against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")). Once Defendants' records are obtained, the Court will know the precise number of persons affected.

Absent certification of this class action, Defendants' employees may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill.App.3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly-situated individuals have a means of redress against Defendants for their widespread violations of BIPA.

**B.** **Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then

becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common . . . issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is Defendants' culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants disregard Plaintiff's and other similarly-situated individuals' statutorily-protected privacy rights and unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendants have violated and continue to violate BIPA because they failed and continue to fail to: (1) inform Plaintiff and putative class members in writing of the purpose and length of time for which their fingerprints or hand geometry were being collected, obtained, stored, disseminated and used; (2) provide a publicly available retention schedule or guidelines for permanent destruction of the biometric data; and (3) provide Plaintiff and putative class members a written release. Defendants treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendants' collection, obtainment, storage, use, and dissemination of Plaintiff's and the putative class's biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendants' practices of collecting, obtaining, storing, using and disseminating individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one

claimant would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

C. **The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.**

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiff's interests arise from statute. The class representative, Elia Ibarra, is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff, as a condition of employment, was required to have her fingerprint or hand geometry scanned so Defendants could use it as an authentication method to track her time. Defendants subsequently stored Plaintiff's fingerprint and hand geometry in their database(s). Prior to the collection of her biometric identifiers and/or biometric information, Plaintiff was not informed of the specific limited purposes (if any) or length of time for which Defendants collected, obtained, stored, used, or disseminated employees' biometric data. Nor was Plaintiff informed of any biometric data retention policy developed by Defendants or when, if ever, Defendants will ever permanently delete her biometric data. Finally, Plaintiff was not provided a written release allowing Defendants to collect, obtain, store, use, or disseminate her fingerprint

11

and hand geometry data. Thus, Plaintiff was victim of the same uniform policies and practices of Defendants as the individuals she seeks to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by her willingness to sue on a class-wide basis and step forward as the class representative, which subjects her to discovery. *See* Exhibit B, Affidavit of Named Plaintiff Elia Ibarra. This qualifies her as a conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLP, will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. *See* Exhibit C, Affidavit of Haley R. Jenkins and the Firm Resume attached thereto as Exhibit C-1. Stephan Zouras, LLP, are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts. *Id*. Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

**D.** **A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corporation*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id*.

12

Here, Plaintiff's claim stems from Defendants' common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

E. **In The Event The Court Or Defendants Seeks More Factual Information Regarding This Motion, The Court Should Allow Supplemental And Deferred Briefing Following Discovery.**

There is no meaningful need for discovery for the Court to certify a class in this matter; Defendants' practices and policies are uniform. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff's a supplemental brief, and defer Defendants' response and Plaintiff's reply. Plaintiff is moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones

13

memorandum. Rather, Plaintiff's full argument is set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## IV.    Conclusion

For the reasons stated above, Plaintiff respectfully request that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Elia Ibarra as Class Representative; (3) appointing Stephan Zouras, LLP as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.

Date:   October 22, 2020

Respectfully Submitted,

*/s/ Haley R. Jenkins*
Haley R. Jenkins
Ryan F. Stephan
James B. Zouras
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
hjenkins@stephanzouras.com
rstephan@stephanzouras.com
jzouras@stephanzouras.com
Attorney Code: 223230

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on October 22, 2020, I filed the attached with the Clerk of the Court using the electronic filing system, which will send such filing to all attorneys of record.

<u>    /s/ Haley R. Jenkins</u>

2020CH000562

# EXHIBIT A

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 10878039
2020CH000562
FILEDATE: 10/22/2020 4:13 PM
Date Submitted: 10/22/2020 4:13 PM
Date Accepted: 10/22/2020 4:20 PM
AM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown,<br><br>           Plaintiff,<br><br>           v.<br><br>INTERNATIONAL LASER PRODUCTS, INC.,<br>INTERNATIONAL TONER CORP., and<br>CRAIG FUNK, individually,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 18 C 7756<br>)<br>)   Judge Rebecca R. Pallmeyer<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff's motion to certify class [43] is granted. Plaintiffs are directed to furnish an amended class notice, consistent with the court's rulings, within seven (7) days.

## STATEMENT

Plaintiff Josue Alvarado filed this lawsuit alleging that his employers, Defendants International Laser Products, Inc. and International Toner Corp., violated the Fair Labor Standards Act and the Minimum Wage Law by failing to pay overtime wages at the rate of one and one-half times Alvarado's straight pay rate. He seeks to represent a class of workers who were also allegedly victims of this practice.

The focus of the parties' disagreement on this issue relates to the language of the class notice. The court has reviewed the competing proposals and rules as follows:

1.      Plaintiffs' proposed class notice begins with an all-caps notice that recipients are eligible to participate in the lawsuit even if they had previously signed a settlement agreement that Defendants proposed and negotiated with several workers. The language of the class notice ends with the words "THE SETTLEMENT DOCUMENT YOU SIGNED IS VOID, AND THE LAWSUIT SEEKS TO RECOVER MORE MONEY THAN THE COMPANY OFFERED YOU." Defendants object to this language; Defendants contend that the court has ruled that the agreements entered into are "not enforceable" (as stated in paragraph 3 of the Class Notice), not that they were "void." (Defendants' Memorandum in Opposition to Plaintiff's Motion to Authorize Notice [50] [hereinafter, "Defs.' Opp."] at 2.) Defendants also argue, without elaboration, that there is no "apple to apple comparison" between what the lawsuit is seeking and the relief offered employees in the proposed settlement agreement. (*Id.*) Without commenting on the merits of either of these contentions, the court directs that the final sentence of the notice be amended to read as follows: THE SETTLEMENT DOCUMENT YOU SIGNED IS NOT ENFORCEABLE, AND THE LAWSUIT SEEKS TO RECOVER COMPENSATION AS DESCRIBED IN THIS NOTICE.

2.      Defendants object to Plaintiffs' definition of the class seeking relief for alleged violations of the Biometric Information Privacy Act ("BIPA"). Defendants note that the complaint

defined that class as "Production Laborers and other hourly paid workers employed in Illinois by Defendants who were required to scan their fingerprints in Defendants' timekeeping system." (Defs.' Opp. at 1; *see* First Amended Complaint [20] ¶ 111.)  The proposed class notice, in contrast, defines the class as "All persons who worked for Defendants in Illinois since November 21, 2013, and who scanned their fingerprints in Defendants' timekeeping system without first executing a written release."  Plaintiffs contend that the revised definition is *narrower* than the original, at least to the extent that it imposes a time limit and excludes persons (if any) who executed a release.  (Plaintiffs' Reply in Support of Motion for Class Notice [52] [hereinafter, "Pltfs.' Reply"], at 2-3.)  Plaintiffs have also cited caselaw holding that amendments to the class definition are acceptable so long as they do not "greatly expand" the scope of the litigation beyond what Defendants might have expected.  *Compare Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018), *cert. denied*, No. 18-1127, 2019 WL 979392 (U.S. Apr. 1, 2019) (approving certification of a class narrower than the one proposed in the original complaint where defendant had fair notice) *with Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 737, 741 (7th Cir. 2018) (refusing to adopt class definition that "greatly expanded the potential scope of the class").  The court has no information about how many more employees might be included in the new definition; that is, neither side has explained whether there are a number of employees other than "production laborers and other hourly paid workers" who were required to scan their fingerprints.  If the class definition is in fact significantly broader than what Defendants could have anticipated when this case was initiated, the court would expect Defendants to provide that information.  This objection is overruled.

3.      Defendants contend that "The notice should state that the purpose of the lawsuit is to inform the employee of a collective action lawsuit in which s/he is potentially 'similarly situated.'"  (Defs.' Opp. at 2.)  The court disagrees that informing employees is the purpose of the lawsuit.  That may be the purpose of Plaintiffs' proposed notice, but using the expression "similarly situated" is unnecessary and may be misleading.  This objection, too, is overruled.

4.      Defendants believe class members should be notified that "there is no money available now, and no guarantee that there will be."  (Defs.' Opp. at 2.)  The court believes this purpose can be served by making the following change to the notice form:  In the fourth full paragraph of the proposed notice, beginning with the words "The lawsuit seeks to recover owed overtime wages for employees, plus additional damages," the notice should read, "If Plaintiffs prevail in this lawsuit, employees will be entitled to recover unpaid overtime wages, plus additional damages . . . ."

5.      Defendants contend employees should be warned that they may be liable to pay costs if they do not prevail.  (Defs.' Opp. at 2-3.)  Plaintiffs oppose this proposal.  They cite *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 843 (N.D. Ill. 2016), in which this court expressed reluctance to chill the rights of workers to participate in a collective action by means of a warning that they could be required to sit for their depositions or even pay opposing counsel fees.  (Pltfs.' Reply at 5.)  This court deemed those risks too remote to require inclusion in a notice.  The issue in this case is whether the possibility of an award of costs is equally remote.

Defendants have cited a handful of cases in which courts have endorsed the inclusion of a notice of this possibility:  *see, e.g., Dunkel v. Warrior Energy Servs., Inc.,* 304 F.R.D. 193, 207 (W.D. Pa. 2014) (dictating inclusion of a several-sentence long disclosure of possible liability for costs); *Wright v. Lehigh Valley Hosp. & Health Network*, No. 10-cv-431, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011) (requiring notice to include provision about opt-ins potentially paying court costs); *Creten-Miller v. Westlake Hardware, Inc.,* 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (modifying notice to include, "If you do not prevail on your claim, court costs and expenses

2

may possibly be assessed against you"); *Garcia v. Elite Labor Serv., Ltd.*, No. 95 C 2341, 1996 WL 33500122, at \*4 (N.D. Ill. July 11, 1996) (modifying notice to include statement that, "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you"); *White v. Kcpar, Inc.*, No. 6:05–cv–1317–Orl–22DAB, 2006 WL 1722348, at \*4 (M.D. Fla. June 20, 2006) (finding a notice defective because it did not fully inform recipients about consequences of opting in, including potential liability for costs and expenses).

In reaching its conclusion, the *Creten-Miller* court called such an award "clearly possible and [] not merely theoretical." None of the cases it cited for this conclusion are from this Circuit, and it is not clear that such an award has been made in a collective action here. *Creten-Miller*, 2009 WL 2058734 at \*4 (citing *Johnson v. Big Lots Stores, Inc.*, Nos. 04–3201, 05–6627, 2009 WL 1870862, at \*9–10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims); *Gomez v. Reinke*, No. CV91–299–S–LMB, 2008 WL 3200794, at \*6 (D. Idaho Aug.7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); *Reyes v. Tex. Expawn, L.P.*, No. V–03–128, 2007 WL 4530533, at \*2 (S.D.Tex. Dec.19, 2007) (awarding costs to defendant as prevailing party). *See also Wright*, 2011 WL 221770, at \*7. The court therefore remains concerned that the true purpose for inclusion of such a notice is to discourage workers from participating in the litigation. Having reviewed caselaw, however, the court concludes it is appropriate to amend the language under question 8 in the notice to provide some information "concerning the cost issue, without giving it undue emphasis." *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 765 (N.D. Ill. 2011). This court directs that the second sentence of that provision be amended to read, "If you participate in this lawsuit and the employees lose, you will be bound by the outcome of this lawsuit and will not receive any money, and it is possible that a portion of the court costs would be assessed against you in that event."

6. Defendants argue that notice of this case should be furnished solely by means of first-class mail. Communication via text message or e-mail, Defendants contend, is "unwarranted and susceptible to abuse." (Defs.' Opp. at 3.) Defendants also object to notice by way of a posting at the workplace, but Plaintiffs have not requested such a process. (Defs.' Opp. at 5; Pltfs.' Reply at 5-6 n.4.) Nor have Plaintiffs requested production of employee Social Security numbers and birthdates, so the court need not address Defendants' objection to such production. (Defs.' Opp. at 5-7; Pltfs.' Reply at 8.)

The court agrees with Plaintiffs that e-mail and text communication is the most straightforward and effective method of communicating with the potential class members. As observed in *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017), cited by Plaintiffs, "Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved." To that end, the court directs production by Defendants of employee telephone numbers, and any known e-mail addresses, and authorizes one reminder notice. *See Boltinghouse*, 196 F. Supp. 3d at 844. Defendants' purported concern about potential abuse or alteration of the notice (Defs.' Opp. at 3-4) is dispatched by Plaintiffs' explanation that e-mail would include a .pdf version of the notice, and text messages will direct the recipient to website that includes the form notice. (Pltfs.' Reply at 8.) In any event, Defendants themselves should have effective means of determining whether persons who attempt to opt in are or have been employed by Defendants.

ENTER:

Dated: June 19, 2019

_____
REBECCA R. PALLMEYER
United States District Judge

# EXHIBIT B

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICAL CIRUCIT
## STATE OF ILLINOIS, COUNTY OF DUPAGE

| | | |
|---|---|---|
| ELIA IBARRA, individually, and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2020-CH-000562 |
| v. | ) | |
| | ) | |
| PROSPERA, LLC, PORTFOLIO HOTELS | ) | |
| & RESORTS, LLC, MAVERICK HOTELS | ) | |
| AND RESTAURANTS, LLC, AND | ) | |
| SOMNIUM HOSPITALITY GROUP, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF ELIA IBARRA

I, Elia Ibarra, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representatives in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: 10/15/2020 _____

DocuSigned by:

*ELIA IBARRA*

0D9F413A0FDE480...

_____

Elia Ibarra

# EXHIBIT C

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICAL CIRUCIT
STATE OF ILLINOIS, COUNTY OF DUPAGE**

| | | |
|---|---|---|
| ELIA IBARRA, individually, and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 2020-CH-000562** |
| v. | ) | |
| | ) | |
| PROSPERA, LLC, PORTFOLIO HOTELS | ) | |
| & RESORTS, LLC, MAVERICK HOTELS | ) | |
| AND RESTAURANTS, LLC, AND | ) | |
| SOMNIUM HOSPITALITY GROUP, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF HALEY R. JENKINS

I, Haley R. Jenkins, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Partner of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: October 22, 2020                */s/ Haley R. Jenkins*
                                      Haley R. Jenkins

# EXHIBIT C-1

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm which concentrates on helping clients in complex class and individual litigation. The firm is widely recognized for its vigorous advocacy, skill, integrity and experience litigating wage and hour and other employment disputes, mass torts and catastrophic personal injury, consumer protection, privacy, cybersecurity, products liability and other complex litigation. Courts routinely appoint us as lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. Our attorneys have testified before legislative bodies and worked on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions which have collectively resulted in a recovery of more than $150,000,000 for hundreds of thousands of individuals. Stephan Zouras, LLP has "substantial class action experience [and] have secured multi-million-dollar class recoveries...." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)

## PRINCIPAL ATTORNEYS

**JAMES B. ZOURAS** is a founding principal of Stephan Zouras, LLP. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation and catastrophic personal injury. Jim has been appointed lead or co-lead counsel on dozens of contested class actions throughout the United States. He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor. Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch. Jim is frequently invited as a speaker at national class action litigation seminars. Jim is a 1995 graduate of DePaul University College of Law, where he served as Editor of the Law Review and graduated in the top 10% of his class.

**RYAN F. STEPHAN** is a founding principal of Stephan Zouras, LLP. Throughout his career, Ryan has been a passionate advocate for employee rights, and has helped thousands of clients recover damages in unpaid overtime, employment disputes, business litigation, products liability and personal injury cases. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on dozens of complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of dollars in unpaid wages for his clients. Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports. Ryan is a 2000 graduate from Chicago Kent College of Law.

**STEPHAN**ZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Ryan and Jim are admitted to the Supreme Court of the United States, the Seventh Circuit Court of Appeals, the First Circuit Court of Appeals, and the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted *pro hac vice* to prosecute class actions in the District of Alaska, the District of Arizona, the District of Columbia, the Northern and Southern Districts of California, the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Northern and Western Districts of North Carolina, the Superior Court for the State of California, the Central District of Illinois, the Southern District of Indiana, the District of Minnesota, the Eastern District of Michigan, the Eastern and Western Districts of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Georgia, the Western District of Kentucky, the District of Maryland, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**ANDREW C. FICZKO** is a partner of Stephan Zouras, LLP. A tireless fighter for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter. A 2009 graduate from Drake University Law School in 2009, Andy is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois has been admitted *pro hac vice* to the District of Alaska, the Central and Northern Districts of California, the District of Columbia, the Northern District of Georgia, the Southern District of Indiana, the Southern District of New York, the Southern and Northern Districts of Iowa, the District of Massachusetts, the Western District of Missouri, the Middle and Western Districts of North Carolina, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Northern and Southern Districts of Texas, and the Western District of Washington. In every consecutive year since 2014, Andy has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**TERESA M. BECVAR** is a partner of Stephan Zouras, LLP. A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination. Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa is admitted to practice in Illinois and has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California, the District of Arizona, the Middle District of Pennsylvania, the District of Colorado, the District of New Mexico, the Western District of North Carolina, and the Middle District of Tennessee. In every consecutive year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**CATHERINE T. MITCHELL** is a partner of Stephan Zouras, LLP who graduated from UIC John Marshall Law School in 2015. Katie litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Katie is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin and has been admitted *pro hac vice* to the Southern and Eastern Districts of New York, the Middle District of Florida, the Southern District of Iowa, the Northern District of California, the District of Arizona, the District of New Mexico, the Eastern District of Pennsylvania, and the Eastern and Western Districts of North Carolina. Katie earned her Bachelor's Degree from Saint Mary's College where she was a member of the Dean's list and served as a Member Counselor in the Business Enterprise Law Clinic. Katie is currently an active member of the Women's Bar Association as well as a Director on UIC John Marshall Law School Alumni Association's Board of Directors.

## ASSOCIATE ATTORNEYS

**HALEY R. JENKINS** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team advocating for clients' biometric privacy rights in cutting-edge cases against employers and biometric device manufacturers that unlawfully collect, store, use and disseminate employees' and consumers' biometrics data. Haley is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois and the District of Colorado. She has also been admitted *pro hac vice* to the Middle and Eastern Districts of Pennsylvania, and the Eastern District of New York. Haley graduated from the University of Illinois at Urbana-Champaign in 2013 where she majored in English.

**ANNA M. CERAGIOLI** earned her Juris Doctor from Chicago-Kent College of Law where she was named to the Dean's List and elected President of the Moot Court Honor Society. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, unlawful credit checks and consumer fraud. Anna received her undergraduate degree from Marquette University where she double-majored in Writing Intensive English and Politics in Law.

**MEGAN E. SHANNON** graduated *magna cum laude* from Chicago-Kent College of Law in 2019, where she focused her studies on employment law. She received a Certificate in Workplace Litigation and Alternative Dispute Resolution and served as a Student Editor of the Employee Rights and Employment Policy journal published by Chicago-Kent and the Institute for Law and the Workplace. Megan is a fierce advocate for employees and consumers and has fought vigorously against employee misclassification, unlawful credit checks and unpaid wages. Megan earned her undergraduate degree from Loyola University Chicago, where she graduated *magna cum laude* with degrees in Political Science and International Studies. She also spent a year after college teaching high-school English in Vigo, Spain.

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

## OF COUNSEL

**DAVID J. COHEN,** a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office. Dave has spent his entire career fighting to protect the rights of thousands of employees, consumers, shareholders, and union members. Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms. Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program. Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey. He is a member of the American and Philadelphia Bar Associations.

## REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS

**Ray v. DISH Network**
*No. 01-15-0003-4651 (AAA Arbitration)*                    **3/17/2019 – Arbitration Judgment**
Final approval was awarded in the amount of $3,250,000.00 to thousands of Colorado inside sales associates who were not paid minimum wage for all hours worked and were not paid proper overtime compensation for hours worked in excess of 40 hours per week.

**Franco, et al. v. Ideal Mortgage Bankers, d/b/a Lend America**          **12/14/17 – Trial Court Judgment**
*No. 07-cv-3956 (United States District Court for the Eastern District of New York)*
The Court entered a $15.2 million judgment on behalf of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Frisari v. DISH Network**                    **8/25/16 – Arbitration Judgment**
*No. 18-160-001431-12 (AAA Arbitration)*
The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**                    **9/10/2014 – Jury Verdict**
*No. 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)*
Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.

**Lee v. THR**                                                                        **5/22/14 – Trial Court Judgment**
*No. 12-cv-3078 (United States District Court for the Central District of Illinois)*
As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**                                  **12/12/12 - Arbitration Judgment**
*No. 11-160-000355-11 (American Arbitration Association)*
Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**                                      **11/8/12 - Jury Verdict**
*No. 10-cv-7902 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**                                             **7/11/12 - Jury Verdict**
*No. 10-cv-6574 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                                                          **1/30/12 - Jury Verdict**
*No. 08 L 13380 (Circuit Court of Cook County, Illinois)*
Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**                                     **10/18/11 - Jury Verdict**
*No. 08-cv-4736 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

**Ferrand v. Lopas**                                                                **5/22/01 - Jury Verdict**
*No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)*
Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

## REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including:**

**Gauzza, et al. v. Prospect Medical Holdings, Inc., et al.**                       **9/15/2020 – Final Approval**
*No. 20-cv-03599 (United States District Court for the Eastern District of Pennsylvania)*
As lead counsel, Stephan Zouras, LLP, secured $1.9 million in unpaid overtime wages on behalf of hundreds of full-time



100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

hourly employees whose hands-on patient care responsibilities resulted in interrupted meal breaks which were not compensated.

**Bradford, et al. v. Farmington Foods, Inc.**                                    8/17/20 – Final Approval
*No. 19-CH-12888 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The Court granted final approval in a six-figure class settlement on behalf of hundreds of employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Trottier, et al. v. Summit Staffing**                                    8/04/20 – Final Approval
*No. 19-CH-02731 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP settled for approximately $1 million on behalf of thousands of employees based on alleged violations of the Biometric Information Privacy Act ("BIPA").

**Jackson, et al. v. A. Finkl & Sons, Co., et al.**                                    7/21/20 – Final Approval
*No. 2018-CH-07424 (Circuit Court of Cook County, Chancery Division, State of Illinois*)
Final approval was granted in a six-figure class settlement on behalf of employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Thome, et al. v. Flexicorps. Inc.**                                    7/02/20 – Final Approval
*No. 18-CH-01751 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
As co-counsel, Stephan Zouras, LLP settled for approximately $1 million on behalf of employees based on alleged violations of the Biometric Information Privacy Act ("BIPA").

**Goings, et al. v. Applied Acoustics, et al.**                                    6/02/20 – Final Approval
*No. 17-CH-14954 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Final approval was granted in a six-figure class settlement on behalf of employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Jones, et al. v. Santa Rosa Consulting, Inc.**                                    5/26/20 – Final Approval
*No. 18-cv-11005 (United States District Court for the Southern District of New York)*
The Court granted approval of a six-figure settlement on behalf of consultants misclassified as independent contractors who were not paid overtime premium compensation as required by the FLSA and New York Law.

**Jones, et al. v. Encore Health Resources, LLC, et al.**                                    2/19/20 – Final Approval
*No. 19-cv-03298 (United States District Court for the Southern District of Texas)*
The Court granted approval of a six-figure settlement on behalf of credentialed trainers who worked in excess of 40 hours per week but were not compensated overtime premium rate, as required by the FLSA.

**Potoski, et al. v. Wyoming Valley Health Care System, et al.**                                    1/14/20 – Final Approval
*No. 11-cv-00582 (United States District Court for the Middle District of Pennsylvania)*
As lead co-counsel, Stephan Zouras, LLP helped achieve a six-figure class settlement on behalf of hospital employees who were required to perform uncompensated work "off-the-clock" during meal breaks.

**Stewart, et al. v. First Transit, Inc.**                                    12/30/19 – Final Approval
*No. 18-cv-03768 (United States District Court for the Eastern District of Pennsylvania)*

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
**stephanzouras.com**

Final approval was granted in a six-figure class settlement achieved by Stephan Zouras, LLP for hundreds of paratransit drivers who were not paid for work during "scheduled gap periods."

**Jordan, et al. v. Meridian Bank, et al.**                                  **12/19/19 – Final Approval**
*No. 17-cv-05251 (United States District Court for the Eastern District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and achieved a nearly $1 million class settlement on behalf of thousands of misclassified loan officers who were not paid minimum or overtime wages as required by federal and state law.

**George, et al. v. Schulte Hospitality Group, Inc.**                        **12/16/19 – Final Approval**
*No. 18-CH-04413 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The Court granted final approval of an almost $1 million settlement on behalf of approximately 900 employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Edmond, et al. v. DPI Specialty Foods, Inc.**                              **11/18/19 – Final Approval**
*No. 18-CH-09573 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The Court granted final approval of a nearly $500,000 settlement on behalf of hundreds of employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Watts, et al. v. Chicago Lakeshore Hospital**                             **11/13/20 – Final Approval**
*No. 17-CH-12756 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Final approval for class settlement in the amount of approximately $900,000 was granted and awarded to employees whose rights were violated under the Biometric Information Privacy Act ("BIPA").

**Bey v. Walker HealthCare, et al. & Pierce, et al. v. Encore Health Resources, et al.**    **9/19/2019 – Final Approval**
*No´s. 19-cv-00060, 18-cv-04736 (United States District Court for the Southern District of Texas)*
Stephan Zouras, LLP achieved a nearly $2.4 million settlement on behalf of employees identified as "At-The-Elbow" ("ATE") consultants who worked in excess of 40 hours per week and were denied proper overtime compensation.

**Kuck v. Planet Home Lending, LLC, et al.**                                **9/13/19 – Final Approval**
*No. 17-cv-04769 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP helped achieve a six-figure class settlement on behalf of Retail Retention Mortgage Loan Officers who were required to perform work off-the-clock and were denied overtime wages.

**Dixon v. The Washington & Jane Smith Home, et al.**                       **8/20/19 – Final Approval**
*No. 17-cv-08033 (United States District Court for the Northern District of Illinois)*
Final approval in a class wide settlement was granted and awarded in the amount of $1,356,000 to approximately 1,300 employees based on alleged violations of the Biometric Information Privacy Act ("BIPA").

**Jones v. Chicago Bridge & Iron Company, et al.**                          **8/06/19 – Final Approval**
*No. 17-cv-00424 (United States District Court for the Western District of North Carolina)*
As co-lead counsel, Stephan Zouras, LLP helped achieve a six-figure class settlement on behalf of employees who worked for defendants under a 9/80 pay plan (A-B Schedule) and were not paid an overtime premium for hours worked in excess of forty in a workweek.

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Sharrieff v. Raymond Management Company, et al.**                    **8/01/2019 – Final Approval**
*No. 18-CH-01496 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
A six-figure class settlement was granted and awarded to hundreds of employees based on alleged violations of the Biometric Information Privacy Act ("BIPA").

**Ostrander v. Customer Engineering Services, LLC**                    **3/25/19 – Final Judgment**
*No. 15-cv-01476 (United States District Court of Colorado)*
Final approval of a six-figure class settlement was granted on behalf of technical service representatives who were misclassified under the federal law and were deprived of earned overtime wages.

**Davis v. Vanguard Home Care, LLC, et al.**                    **3/22/19 – Final Approval**
*No. 16-cv-07277 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of a group of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Goh v. NCR Corporation**                    **2/25/19 – Final Approval**
*No. 01-15-0004-0067 (AAA Arbitration)*
In granting class certification and approval of a settlement in excess of six figures for over three-thousand class members employed by NCR who were subjected to improper background checks, the Arbitrator found that the attorneys of Stephan Zouras "rendered exemplary services for [their] clients and acted with great care, diligence, and professionalism."

**Moseman v. U.S. Bank National Association**                    **1/07/19 – Final Approval**
*No. 17-cv-00481 (United States District Court for the Western District of North Carolina)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of individuals employed as AML/BSA Preliminary Investigators who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Ivy v. Adventist Midwest Health**                    **11/14/18 – Final Approval**
*No. 16-cv-7606 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of Home Health Clinicians who worked in excess of 40 hours per week and were not paid overtime.

**Bhattacharya v. Capgemini, et al.**                    **11/13/18 – Final Approval**
*No. 16-cv-07950 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $990,000.00 was granted and awarded to approximately 900 Indian national participants of Capgemini's Group Health Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Carver v. Presence Health Network, et al.**                    **7/10/18 – Final Approval**
*No. 15-cv-02905 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of participants and beneficiaries of benefit plans sponsored by Presence Health based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

# STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Lukas v. Advocate Health Care, et al.**                                6/27/18 – Final Approval
*No. 14-cv-01873 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of thousands of participants and beneficiaries to Advocate Health Care Network's Pension Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Brown v. Health Resource Solutions, Inc.**                                4/20/18 – Final Approval
*No. 16-cv-10667 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $900,000.00 in unpaid overtime wages on behalf of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Eggleston v. USCC Services, LLC.**                                2/16/18 – Final Approval
*No. 16-cv-06775 (United States District Court for the Northern District of Illinois)*
As co-lead counsel, Stephan Zouras, LLP helped obtain final approval of a $1,250,000 class settlement for unpaid overtime wages on behalf of misclassified Sales Managers.

**Caison v. Sogeti USA, LLC, et al.**                                2/12/18 – Final Approval
*No. 17-cv-2786 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of hundreds of Business Analysts who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Kaminski v. Bank of America, N.A.**                                2/15/18 – Final Approval
*No. 16-cv-10844 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $850,000 in unpaid wages was granted and awarded to a class of approximately 100 employees working as Senior Specialist-Securities and Operation Market Professionals.

**Byrne v. Centegra Health System**                                1/29/18 – Final Approval
*No. 17-cv-00018 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $425,000 in unpaid overtime wages on behalf of registered nurses, physical therapists, occupational therapists, speech therapists and other similarly-designated skilled care positions who were misclassified as exempt under federal and state wage laws.

**Donoghue v. Verizon Communications, Inc.**                                11/16/17 – Final Approval
*No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of class settlement for $800,000 in unpaid overtime wages on behalf of wireline workers who were hired to fill in for Verizon employees during a strike.  Despite regularly working 65 hours per week, these employees were classified as exempt and denied overtime wages.

**Tompkins v. Farmers Insurance Exchange**                                9/27/17 – Final Approval
*No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of a $775,000.00 class settlement on behalf misclassified loan officers seeking unpaid overtime wages.

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**                                5/9/17 – Final Approval
*No. 11081-VCL (Court of Chancery of the State of Delaware)*
Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550  |  F 312-233-1560
stephanzouras.com

of 235 properties to Seritage Growth Properties.

**Oaks v. Sears**                                                              4/12/17 – Final Approval
*No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled on behalf of thousands of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Hauser v. Alexian Brothers Home Health**                          4/06/17 – Final Approval
*No. 15-cv-6462 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled for $1 million on behalf of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

**Leiner v. Johnson & Johnson**                                          1/31/17 – Final Approval
*No. 15-cv-5876 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $5 million settlement for consumers nationwide in a consumer fraud class action.  Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**Reed v. Friendly's Ice Cream, LLC, et al.**                            1/31/17 – Final Approval
*No. 15-cv-00298 (United States District Court for the Middle District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and helped obtain final approval of a $3,500,000 class settlement on behalf of nationwide Servers who were not compensated for off-the-clock worked performed during unpaid meal breaks and after their scheduled shifts.

**McPhearson v. 33 Management**                                        11/3/16 – Final Approval
*No. 15-ch-17302 (Circuit Court of Cook County, IL)*
The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                                              8/2/16 – Final Approval
*No. 15-cv-07718 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**                          7/18/16 – Final Approval
*No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a class of 80 cold storage warehouse workers.

**Lukas v. Advocate Health Care**                                      6/29/16 – Final Approval
*No. 14-cv-2740 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

**Kurgan v. Chiro One Wellness Centers LLC**                          4/27/16 – Final Approval
*No. 10-cv-1899 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim, granted Rule 23 certification

**STEPHAN**ZOURAS**, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

of Plaintiffs' claims under the Illinois Minimum Wage Law and appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

**Heba v. Comcast**                                                                 **4/6/16 – Final Approval**
*No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)*
The Court granted class certification to Customer Account Executives who worked at Comcast's Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start time without pay. As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over 6,000 class members.

**Johnson v. Casey's General Stores, Inc.**                                          **3/3/16 – Final Approval**
*No. 15-cv-3086 (United States District Court for the Western District of Missouri)*
The Court granted final approval on behalf of a certified class of employees of Casey's General Stores, Inc. to redress violations of the Fair Credit Reporting Act (FCRA).

**Fields v. Bancsource, Inc.**                                                      **2/3/16 – Final Approval**
*No. 14-7202 (United States District Court for the Northern District of Illinois)*
The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class of field engineers who were deprived of overtime for hours worked in excess of 40 in given workweeks.

**Elder, et al. v. Comcast Corporation**                                            **1/11/16 – Final Approval**
*No. 12-cv-1157 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages in violation of federal law.

**Posada, et al. v. Continental Home Loans, Inc.**                                  **1/13/16 - Final Approval**
*15-cv-4203 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of a class of loan officers deprived of minimum and overtime wages.

**Struett v. Susquehanna Bank**                                                     **10/27/15 – Final Approval**
*No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid overtime wages for 31 misclassified loan officers.

**Faust, et al. v. Comcast Corporation**                                            **10/11/15 - Final Approval**
*No. 10-cv-2336 (United States District Court for the Northern District of Maryland)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP lead counsel for a class of call center employees.

**Butler, et al. v. Direct Sat**                                                    **9/3/15 - Final Approval**
*No. 10-cv-08747 DKC (United States District Court for the District of Maryland)*
Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class of technicians working in DirectSat's Maryland warehouses who were not paid overtime.

**Sosnicki v. Continental Home Loans, Inc.**                                        **7/30/15 - Final Approval**
*No. 12-cv-1130 (United States District Court for the Eastern District of New York)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

# STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Bordell v. Geisinger Medical Center**                                    4/8/15 – Final Approval
*No. 12-cv-1688 (Northumberland Court of Common Pleas)*
The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.**                                3/23/15 – Final Approval
*No.  11-cv-3036 (United States District Court for the Northern District of Iowa)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

**Price v. NCR Corporation**                                              3/18/15 – Final Approval
*No. 51-610-908-12 (AAA Arbitration)*
As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC**                               1/15/15 – Final Approval
*No. 13-cv-3473 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.**                                12/15/14 – Final Approval
*No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven-figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.**               5/7/14 – Final Approval
*No. 08-cv-2746 (United States District Court for the Northern District of Illinois)*
**and, Hawkins v. Securitas Security Services USA, Inc.**
*No. 09-cv-3633 (United States District Court for the Northern District of Illinois)*
For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services**                                 2/12/14 – Final Approval
*No. 10-cv-5093 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.

**Ingram v. World Security Bureau**                                       12/17/13 – Final Approval
*No. 11-cv-6566 (United States District Court for the Northern District of Illinois)*
Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                                    9/30/13 – Final Approval
*No. 08-cv-04950 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Outlaw v. Secure Health, L.P.**                                                  **9/24/13 – Final Approval**
*No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                                         **8/5/13 – Final Approval**
*No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid overtime wages for misclassified cable television installers.

**Holland v. Securitas Security Services USA, Inc.**                               **7/26/13- Final Approval**
*No. BC 394708 (Superior Court of California, County of Los Angeles)*
As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankuski v. Heath Consultants, Inc.**                                            **7/2/13 - Final Approval**
*No. 12-cv-04549 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                                     **6/21/13 – Final Approval**
*No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered $3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                                      **6/13/13 – Final Approval**
*No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                                    **5/15/13 - Final Approval**
*No. 09-cv-459 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of security guards deprived of minimum wages and overtime in violation of federal and state law.

**Pomphrett v. American Home Bank**                                                **3/14/13 – Final Approval**
*No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in unpaid overtime wages for misclassified loan officers.

**Murphy v. Rayan Brothers, et al.**                                               **2/22/13 - Final Approval**
*No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550  |  F 312-233-1560
stephanzouras.com

**Glatts v. Crozer-Keystone Health System**                              **2/6/13 – Final Approval**
*No. 0904-1314 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**                           **1/23/13 - Final Approval**
*No. 12-cv-891 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**Piehl v. Baytree National Bank**                                       **1/3/13 - Final Approval**
*No. 12-cv-1364 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**                             **11/19/12 - Final Approval**
*No. 07-cv-3909 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**    **11/14/12 - Final Approval**
*No. 09-cv-7293 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**            **11/8/12 - Final Approval**
*No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**            **11/6/12 – Final Approval**
*No. 11-cv-5268 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.

**Molyneux, et al. v. Securitas Security Services USA, Inc.**           **11/5/12 - Final Approval**
*No. 10-cv-588 (United States District Court for the Southern District of Iowa)*
As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

**Davis v. TPI Iowa, LLC**                                               **9/6/12 - Final Approval**
*No. 11-cv-233 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**                              **5/28/12 - Final Approval**
*No. 09-cv-3368 (United States District Court for the Northern District of Illinois)*

STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**                          **5/24/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.

**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**                          **3/21/12 - Final Approval**
*No. 11-cv-1701 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**                          **1/26/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**                          **9/21/11 - Final Approval**
*No. 10-cv-1506 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**                          **8/5/11 - Final Approval**
*No. 08-cv-4951 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**                          **6/16/11 - Final Approval**
*No. 08-cv-4737 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**                          **6/1/11 - Final Approval**
*No. 51 460 00557 10 (AAA Arbitration)*
Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.

**Turner v. Mercy Health System**                          **4/20/11 – Final Approval**
*No. 0801-3670 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**                          **3/4/11 - Final Approval**
*No. 10-cv-01130 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**STEPHAN**ZOURAS**, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Havard v. Osceola Foods, Inc., et al.**                                    **2/28/11 - Final Approval**
*No. LA CV 0111290 (Iowa District for Clarke County, Iowa)*
As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**                                    **1/27/11 - Final Approval**
*No. 10-cv-00220 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Anderson v. JCG Industries, Inc.**                                    **9/2/10 - Final Approval**
*No. 09-cv-1733 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

**Cedeno, et al. v. Home Mortgage Desk, Corp., et al.**                                    **6/15/10 - Final Approval**
*No. 08-cv-1168 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six-figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

**Perkins, et al. v. Specialty Construction Brands, Inc.**                                    **11/15/09 - Final Approval**
*No. 09-cv-1678 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

**Wineland, et al. v. Casey's General Stores, Inc.**                                    **10/22/09 - Final Approval**
*No. 08-cv-00020 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Jones, et al. v. Casey's General Stores, Inc.**                                    **10/22/09 - Final Approval**
*No. 07-cv-400 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 2 l 6(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Stuart, et al. v. College Park, et al.**                                    **12/11/07 - Final Approval**
*No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Huebner et al. v. Graham C Stores**　　　　　　　　　　　　　　**11/15/07 - Final Approval**
*No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six-figure settlement for over 100 employees.

**Perez, et al. v. RadioShack Corporation**　　　　　　　　　　　**9/14/07 - Final Approval**
*No. 02-cv-7884 (United States District Court for Northern District of Illinois)*
The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**　　　　　　　　　　**4/3/07 - Final Approval**
*No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)*
The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**　　　　　　　　　　　　　　**11/20/06 - Final Approval**
*No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Ciesla, et al. v. Lucent Technologies, Inc**.　　　　　　　　　　**7/31/06 - Final Approval**
*No. 05-cv-1641 (United States District Court for the Northern District of Illinois)*
The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven-figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**　　　　　　　　　　　　　　**7/25/05 - Final Approval**
*No. 04-cv-2009 (United States District Court for the District of New Jersey)*
The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**　　　　　　　　　　　　　　　**3/22/05 - Final Approval**
*No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**STEPHAN**ZOURAS**, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

## BIOMETRIC INFORMATION PRIVACY CLASS ACTION LAWSUITS

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

- **Alquero, et al. v. Grand Victoria Riverboat Casino, et al.**
  *No. 19-CH-09603 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Arnold, et al. v. Roundy's Supermarkets, Inc., et al.**
  *No. 20-CH-05622 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ayala, et al. v. American Louver Company**
  *No. 19-CH-04163 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Battles, et al v. Southwest Airlines Co., et al.**
  *No. 01-19-0000-0715 (American Arbitration Association)*
- **Bedford, et al. v. Lifespace Communities, Inc.**
  *No. 20-cv-04574 (United States District Court for the Northern District of Illinois)*
- **Bello, et al. v. The Parc at Joliet, LLC**
  *No. 18-CH-1888 (Circuit Court of Will County, State of Illinois)*
- **Bounds, et al. v. TM Healthcare Management, LLC**
  *No. 19-CH-11580 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Boyd, et al. v. Lazer Spot, Inc.**
  *No. 19-CH-12511 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Brammer, et al. v. Ava Inc., et al.**
  *No. 19-CH-07379 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bray, et al. v. Hixson Lumber Sales of Illinois, Inc.**
  *No. 2019L9 (Circuit Court of Montgomery County, State of Illinois)*
- **Bray, et al. v. Lathem Time Co.,**
  *No. 2019L8 (Circuit Court of Montgomery County, State of Illinois)*
- **Brewton, et al. v. First Student, Inc.**
  *No. 20-CH-04840 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bronson, et al. v. Intercontinental Hotels Group. Inc. et al.**
  *No. 2019-CH-09294 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Brown, et al. v. Weathertech**
  *No. 19-CH-00503 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryant, et al. v. Loews Chicago Hotel, Inc., et al.**
  *No. 18-CH-09477 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryant, et al v. Norwood Life Society, et al.**
  *No. 19-CH-10984 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryski, et al. v. Nemera Buffalo Grove, LLC, et al.**
  *No. 18-CH-07264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Buford, et al. v. GDI Services, Inc.**
  *No 20-CH-05007 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Burt, et al. v. Anixter Inc, et al.**
  *No. 19-CH-04569 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

**STEPHAN**ZOURAS**, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Cacy, et al. v. Ceridian HCM, Inc.**
  *No. 18-CH-09968 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cameron, et al. v. Polar Tech Industries, Inc., et al.**
  *No. 19-CH-000013 (Circuit Court of DeKalb County, Chancery Division, State of Illinois)*
- **Campos, et al. v. City View Multicare Center, LLC**
  *No. 19-CH-07082 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Campos, et al. v. Midwest Time Recorder, Inc.**
  *No. 19-CH-07229 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Chatman, et al. v. Crate and Barrel**
  *No. 18-CH-09277 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Collier, et al. v. Pete's Fresh Market**
  *No. 19-CH-05125 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cosenza v. DiNico's Pizza, et al.**
  *No. 20-CH-00614 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cothron v. White Castle, et al.**
  *No. 19-cv-00382 (United States District Court for the Northern District of Illinois)*
- **Currie, et al. v. McDonald's**
  *20-CH-0467 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **Delgado, et al. v. America's Auto Auction Chicago, Inc.**
  *No. 19-CH-04164 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Diaz, et al. v. Silver Cross Hospital**
  *No. 18-CH-1327 (Circuit Court of Will County, State of Illinois)*
- **Doporcyk, et al. v. Mariano's**
  *No. 17-CH-08092 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Drape, et al v. S.F. Express Corporation**
  *No. 20-L-001094 (Circuit Court of DuPage County, Law Division, State of Illinois)*
- **Edwards, et al. v. The Parc at Joliet, LLC**
  *No. 20-CH-66 (Circuit Court of Will County, State of Illinois)*
- **Ervin, et al. v. Jernberg Industries, LLC, et al.**
  *20-CH-05318 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fields, et al. v. Abra Auto Body & Glass**
  *No. 17-CH-12271 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Figueroa, et al. v. Kronos, Inc.**
  *No. 19-cv-01306 (United States District Court for the Northern District of Illinois)*
- **Figueroa, et al. v. Tony's Fresh Market, et al.**
  *No. 18-CH-15728 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fisher, et al. v. HP Property Management, LLC, et al.**
  *No. 19-CH-14082 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Flores, et al. v. Juul Labs, Inc.**
  *No. 19-CH-12935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fox, et al. v. Dakkota Integrated Systems, Inc.**
  *No. 19-CH-03620 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fuentes, et al. v. Focal Point Exports, LTD., et al.**
  *No. 19-CH-03890 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fulton, et al. v. SCR Medical Transport, Inc.**
  *No. 20-CH-00927 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Gates, et al. v. Eagle Family Foods Group, LLC**
  *20-CH-00478 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **Gates, et al. v. Thermoflex, et al.**
  *20-CH-00479 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **George, et al. v. Bricton 191 Associates, LLC, et al.**
  *No. 19-CH-04014 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Gil, et al. v. True World Foods Chicago, LLC**
  *20-cv-02362 (United States District Court for the Northern District Court of Illinois)*
- **Gray, et al. v. The University of Chicago Medical Center, Inc.**
  *No. 19-cv-04229 (United States District Court for the Northern District of Illinois)*
- **Gresham, et al. v. Clayton Residential Home, Inc.**
  *No. 20-CH-01912 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. Becton, Dickinson & Company**
  *No. 19-cv-4158 (United States District Court for the Northern District of Illinois)*
- **Heard, et al. v. Omnicell, Inc.**
  *No. 19-CH-06817 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. St. Bernard Hospital, et al.**
  *No. 17-CH-16828 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. THC-North Shore, Inc.**
  *No. 17-CH-16918 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. Weiss Memorial Hospital Foundation**
  *No. 19-CH-06763 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ibarra, et al. v. Prospera, LLC, et al.**
  *No. 20-CH-000562 (Circuit Court of DuPage County, Chancery Division, State of Illinois)*
- **Jerinic, et al. v. Amazon, Inc., et al.**
  *No. 20-CH-06036 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johns, et al. v. Club Fitness of Alton, LLC**
  *No. 18-L-000080 (Circuit Court of Madison County, Law Division, State of Illinois)*
- **Johns, et al. v. Paycor, Inc.**
  *No. 20-L-000114 (Circuit Court of Madison County, Chancery Division, State of Illinois)*
- **Johnson, et al. v. OM Joliet Wings, Inc., et al.**
  *No 19-CH-14014 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johnson, et al. v. Gold Standard Baking, Inc., et al.**
  *No. 18-CH-09011 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johnson, et al. v. Fieldwork, Inc.**
  *No. 19-CH-11092 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jones, et al. v. Hooters Management Corporation, et al.**
  *No. 18-Ch-00908 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kardos, et al. v. ABT Electronics, Inc.**
  *No. 19-CH-01235 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Keene, et al. v. Plymouth Place, Inc., et al.**
  *No. 19-CH-01953 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kelley, et al. v. Chicago Behavioral Hospital, et al.**
  *No. 20-CH-03302 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **King, et al. v. Garfield Park Hospital, LLC**
  *No. 20-CH-00056 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

**STEPHAN**ZOURAS**, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
**stephanzouras.com**

- **Krause, et al. v. Caputo's New Farm Produce, et al.**
  *No. 18-Ch-11660 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kusinski, et al. v. ADP, LLC, et al.**
  *No. 18-CH-07139 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Landa, et al. v. Menasha Packaging Co., LLC**
  *20-CH-05251 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Landa, et al. v. MJ Holding Company, LLC**
  *20-CH-05247 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Littleton, et al. v. Lydia Healthcare I, LLC**
  *No. 19-CH-12142 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Liu, et al. v. Four Seasons**
  *No. 17-CH-14949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Lopez, et al. v. Metraflex**
  *No-CH-05354 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Loving, et al. v. Belhaven Nursing & Rehabilitation Center, LLC**
  *No. 20-CH-04176 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Marquez, et al. v. North Riverside Golf Club**
  *No. 20-CH-05895 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Marshall, et al. v. Jumio Corporation**
  *No. 19-CH-07095 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Martin, et al v. Labor Solutions, LLC**
  *No. 20-CH-04664 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Martinez, et al. v. Springhill Suites, et al.**
  *No. 19-CH-06848 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mazya, et al. v. Northwestern Lake Forest Hospital, et al.**
  *No. 18-CH-07161 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **McGraw, et al. v. Lakeshore Beverage, et al.**
  *No. 20-CH-00343 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **McNamee, et al v. On Time Staffing**
  *No. 20-cv-01282 (United States District Court for the Central District of Illinois)*
- **Measaw, et al. v. Heritage Operations Group, LLC**
  *No. 19-CH-08321 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Meegan, et al. v. NFI Industries, Inc.**
  *No. 19-CH-14479 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mendenhall, et al. v. Burger King**
  *No. 19-CH-10636 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mendez, et al. v. United Dental Partners, LLC, et al.**
  *No. 20-CH-01581 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Miller, et al. v. Communications Test Design, Inc.**
  *No. 20-CH-04284 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mitchell, et al. v. Bottled Blonde Chicago, LLC**
  *No. 20-CH-02454 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Molina, et al. v. Mercyhealth System, Corp.**
  *No. 20-L-0000286 (Circuit Court of Winnebago County, Law Division, State of Illinois)*
- **Morgan, et al. v. Ruler Foods, Inc.**
  *No. 20-CH-7 (Circuit Court of Richland County, Chancery Division, State of Illinois)*

**STEPHAN**ZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Morris, et al. v. Wow Bao**
  *No. 17-CH-12029 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mosby, et al. v. The Ingalls Memorial Hospital, et al.**
  *No. 18-CH-05031 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Nelson, et al. v. Kid's Castle Learning Center**
  *No. 20-L-000068 (Circuit Court of Sangamon County, Law Division State of Illinois)*
- **Nordstrom, et al. v. Dial Senior Management, Inc.**
  *No. 19-CH-11108 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Nosal, et al. v. Rich Products Corporation, et al.**
  *No. 20-cv-4972 (United States District Court for the Northern District of Illinois)*
- **Osborne, et al. v. WeWork Companies, Inc., et al.**
  *No. 19-CH-12856 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **O'Sullivan, et al. v. All-Star, Inc.**
  *No. 19-CH-11575 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Parsons, et al. v. Personnel Staffing Group, LLC**
  *No. 20-CH-00473 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peaks-Smith, et al. v. Saint Anthony Hospital, et al.**
  *No. 18-CH-07077 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peatry, et al. v. Bimbo Bakeries USA, Inc.**
  *No. 19-cv-02942 (United States District Court for the Northern District of Illinois)*
- **Pruitt, et al. v. Par-A-Dice Hotel Casino, et al.**
  *No. 20-cv-01084 (United States District Court for the Central District of Illinois)*
- **Quentere, et al. v. G.H. Cretors**
  *No. 20-CH-00000484 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **Quentere, et al. v. Tablecraft Product Company, Inc.**
  *No 20-CH-00000493 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **Ramos, et al. v. BOX Acquisitions, LLC**
  *No. 20-CH-03887 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ramsey, et al. v. Daley's Medical Transportation, Inc.**
  *No. 18-CH-01935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ripper, et al. v. Peoria Disposal Company, et al.**
  *No. 20-CH-00124 (Circuit Court of Peoria County, Chancery Division, State of Illinois)*
- **Robertson, et al. v. Hostmark Hospitality Group, Inc., et al.**
  *No. 18-CH-05194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al v. Elite Labor Services**
  *No. 18-CH-02651 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al. v. Tide Cleaners**
  *No. 20-CH-02640 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Stokes, et al. v. Gate Gourmet, Inc.**
  *No. 19-CH-13755 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Taitts, et al. v. Elior, Inc.**
  *No. 20-CH-03664 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Terry, et al. v. Griffith Foods Group, Inc.**
  *No. 19-CH-12910 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Thome, et al. v. Novatime Technology, Inc.**
  *No. 19-CH-09380 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

- **Thurman, et al. v. Northshore University HealthSystem**
  *No. 18-CH-03544 (Circuit Court of Cook County, Chancery Division)*
- **In Re: TikTok, Inc., Consumer Privacy Litigation**
  *No. 20-cv-04699 (United States District Court for the Northern District of Illinois)*
- **Tims, et al. v. Black Horse Carriers, Inc.**
  *No. 19-CH-03522 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Toor, et al. v. CoreCentric Solutions, Inc.**
  *No. 19-CH-05914 (Circuit Court of DuPage County, Chancery Division, State of Illinois)*
- **Townsend, et al. v. The Estates of Hyde Park, LLC**
  *No. 19-CH-11849 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Trayes, et al. v. Mid-Con Hospitality Group, LLC, et al.**
  *No. 19-CH-11117 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Treadwell, et al. v. Power Solutions International, Inc., et al.**
  *No. 18-cv-08212 (United States District Court for the Northern District of Illinois)*
- **Trottier, et al. v. Attendance Demand, Inc.**
  *No. 19-CH-13230 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Van Jacobs, et al. v. New World Van Lines, Inc.**
  *No. 19-CH-02619 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Wallace, et al. v. PersonalizationMall.com, LLC**
  *No 20-CH-669 (Circuit Court of Will County, Chancery Division, State of Illinois)*
- **Walton, et al. v. Roosevelt University**
  *No. 19-CH-04176 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Webster, et al. v. Mercy Hospital & Medical Center Chicago, et al.**
  *No. 19-CH-12362 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Webster, et al. v. South Holland Home, LLC, et al.**
  *No. 19-CH-12365 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Webster, et al. v. Triad Senior Living, Inc.**
  *No. 19-CH-10787 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Webster, et al. v. Windsor Estates Nursing and Rehab Centre, LLC**
  *No. 19-CH-11441 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Wheeler, et al. v. Ridgeview Rehab & Nursing Center, LLC, et al.**
  *No. 19-CH-14577 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **White, et al. v. Art Van Furniture, Inc.**
  *No. 19-CH-04671 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **White v. East Side Child Development Center, et al.**
  *No. 18-CH-09599 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Williams, et al. v. Jackson Park Supportive Living, LLC**
  *No. 19-CH-09286 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Williams, et al. v. Morgan Services, Inc.**
  *No. 19-CH-11860 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Wilson, et al. v. Magna Exteriors Belvidere, et al.**
  *No. 20-CH-01698 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Young, et al. v. International Precision Components Corp.**
  *No. 20-CH-00000521 (Circuit Court of Lake County, Chancery Division, State of Illinois)*
- **Young, et al. v. Taylor Farms Illinois, Inc.**
  *No. 20-CH-05284 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

# SHERIFF'S OFFICE OF DUPAGE COUNTY, ILLINOIS

**TYPE:** SUM                                                   **DEPUTY:** 660

**DOCKET #:** 12020-300-120144     **CASE #:**    20CH562 - 001             **ORIGIN #:**   001

**FILED:**     10/08/2020      **RECEIVED:** 10/26/2020     **RETURN BY:**   11/07/2020     **# OF WORKSHEETS:**   1

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 11072398
2020CH000562
FILEDATE: 11/9/2020 2:05 PM
Date Submitted: 11/9/2020 2:05 PM
Date Accepted: 11/9/2020 2:13 PM

**DEFENDANT:**   PORTFOLIO HOTELS & RESORTS, LLC R/A HERSHMAN, GRAHAM

**HOME ADDRESS:**

**WORK ADDRESS:**

601 OAKMONT LN
STE 420
WESTMONT, IL 60559   CF

**PLAINTIFF:**   IBARRA, ELIA                                  **OPERATOR ID:**    635

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I CERTIFY THAT I SERVED THIS SUMMONS AND COMPLAINT ON THE DEFENDANT AS FOLLOWS:

__ 1.   PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE NAMED DEFENDANT PERSONALLY.

__ 2.   SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR PERSON RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF THE CONTENTS THEREOF. ALSO, A COPY OF THE DOCUMENT WAS MAILED TO THE DEFENDANT AT THE ABOVE ADDRESS.     DATE:    INITIALS:

__ 3.   BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE REGISTERED AGENT, AUTHORIZED PERSON, OR PARTNER OF THE DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES MENDRICK, SHERIFF, BY:**    #  DEPUTY

**1. SEX:**      **RACE:**                          **AGE:**        **HEIGHT:**                  **WEIGHT:**

**2. WRIT SERVED ON:**                                 **RELATION:**

    **SERVED ON:**

**ADDITIONAL COMMENTS:**    ENTIRE 4TH FLOOR IS VACANT. CALLED COMPANY PHONE, BUT WAS PHONE DISCONNECTED

**THE NAMED DEFENDANT WAS NOT SERVED. REASON NOT SERVED:**

__ 01 MOVED              __ 02 NO CONTACT           __ 03 AVOIDING: SEE COMMENTS

__ 04 NOT LISTED           __ 05 WRONG ADDRESS       __ 06 NO SUCH ADDRESS

__ 07 EMPLOYER REFUSAL    __ 08 RETURNED BY ATTY     __ 09 DECEASED

__ 10 NO LONGER EMPLOYED   X  11 OTHER: SEE COMMENTS

| **ATTEMPTED SERVICES:** | DATE | TIME | DEPUTY # |
|---|---|---|---|
| | 11/06/2020 | 03:49 PM | 660 |

**AMOUNT RECEIVED:**     $63.00          CK

# Original Digital Copy