IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIA IBARRA, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROSPERA, LLC, PORTFOLIO HOTELS & RESORTS, LLC, MAVERICK HOTELS AND RESTAURANTS, LLC, AND SOMNIUM HOSPITALITY GROUP, LLC,<br><br>    Defendants. | No. 1:20-cv-7015<br><br>Judge Jorge L. Alonso |

**DEFENDANT PROSPERA, LLC'S MOTION TO STAY PROCEEDINGS**

Defendant Prospera, LLC ("Prospera") moves the Court to stay all proceedings in this lawsuit pending decisions by (i) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No 20-3202, (ii) the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers*, *Inc.*, Case No. 1-20-0562, and (iii) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.[1] In support of its Motion, Prospera states as follows:

1. On October 2, 2020, Plaintiff Elia Ibarra filed a three-count Class Action Complaint in state court against four defendants, including Prospera, alleging that each defendant collected, used, stored, and disclosed her biometric information in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*.

---

[1] The *Cothron*, *Tims*, and *Marion* orders granting leave to appeal are attached hereto as, respectively, Exhibits A, B, and C.

2. On November 25, 2020, Prospera timely removed the Complaint from DuPage County to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).

3. On January 4, 2021, Prospera filed a motion seeking to dismiss Plaintiff's claims on the grounds that: (1) her claims are time-barred under a one-, two-, or five-year statute of limitations; (2) the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, preempts her BIPA claims; and (3) she failed to adequately plead culpability and therefore cannot recover BIPA's liquidated damages. Alternatively, Prospera sought dismissal of Plaintiff's claims based on negligence based on the doctrine of primary assumption of the risk.

4. On April 23, 2020, the Illinois Appellate Court for the First Judicial District granted a petition for interlocutory appeal under Illinois Supreme Court Rule 308 in *Tims* to determine whether BIPA claims are governed by a one-year or five-year statute of limitations. *See* Ex. B; *see also* Order certifying questions for appeal, *Tims v. Black Horse Carriers*, Case No. 2019-CH03522 (Cir. Ct. Cook Cty. Feb. 26, 2020) (certifying statute of limitations issue for appeal) (Ex. D). The *Tims* appeal has been fully briefed since November 19, 2020.

5. Shortly thereafter, the Illinois Appellate Court for the Third Judicial District granted a Rule 308 petition in *Marion* to address whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. Ex. C; *see also* Application for Leave to Appeal Based on Certified Questions under Supreme Court Rule 308 at 7-8, *Marion v. Ring Container Techs., LLC*, No. 2019 L 89 (Ex. E). Briefing in *Marion* is expected to be complete by the end of this month.

6. On November 9, 2020, the Seventh Circuit Court of Appeals granted a petition in *Cothron* brought pursuant to 28 U.S.C. § 1292(b) that will address the following crucial issue:

> Whether a private entity violates Sections 15(b) or 15(d) of [BIPA] only when it is alleged to have first collected or to have first disclosed ['biometric data'] of an individual without complying with those Sections, or whether a violation occurs under Sections 15(b)

      or 15(d) each time that a privacy entity allegedly collects or discloses the individual's biometric data.

Defendant White Castle System, Inc.'s Motion to Amend Ruling to Certify Question for Appeal at 1, *Cothron v. White Castle Sys., Inc.*, 1:19-cv-00382 (N.D. Ill. Aug. 17, 2020) (Ex. F). Briefing in *Cothron* is scheduled to be completed by the end of March 2021. (Ex. G.)

    7.    The outcome of these appeals will be binding on, or at least critically persuasive, to this Court's resolution of key arguments raised in Prospera's motion to dismiss. To wit, if the Seventh Circuit determines that a BIPA violation occurs only when an entity first fails to comply with BIPA's requirements, dismissal of Plaintiff's BIPA claims would be required, since Plaintiff first scanned her finger in April 2015. So too would dismissal be appropriate if the First District and the Third District held that BIPA claims are governed by a one-year statute of limitations (or if the Third District concludes that such claims are subject to a two-year statute of limitations), as Prospera ceased to be Plaintiff's employer on September 5, 2019, more than two years prior to the filing of this lawsuit. *Donets v. Vivid Seats LLC*, No. 1:20-cv-03551 at 4 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.) (Ex. H) ("Because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois Appellate Court would likely be binding here." (citing *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015)).

    8.    This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

9. As *Landis* indicates, a court assessing a motion for stay court should consider whether staying the proceedings has the potential to save time, money, and effort for everyone concerned and, if so, weigh such benefits against potential hardships the stay will impose on the opponent. *Landis*, 299 U.S. at 254; *see also, e.g.*, *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) ("In determining the appropriateness of a stay, the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay."). Granting a stay is particularly appropriate where doing so will "avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019).

10. As courts in this District have already concluded, staying a case in which a defendant seeks dismissal of a plaintiff's BIPA claims on statute-of-limitations grounds pending the appeals courts' decisions in *Cothron*, *Tims*, and/or *Marion* will preserve time and resources the parties would otherwise expend drafting and arguing motions, conducting discovery, and litigating potential discovery disputes, and will also preserve time the Court would devote to resolving those motions and disputes. On the other hand, temporarily staying this case will not prejudice Plaintiff – who no longer works at the Hotel – or the other putative class members. *See, e.g.*, Ex. H, *Donets*, No. 1:20-cv-03551 at 4 (concluding that plaintiff's "concerns do not justify denying [defendant's] request for a stay, taking into account the economies to be gained from staying this litigation" and granting stay pending *Cothron*, *Marion*, and *Tims*); *see also* Notification of Docket Entry, *Jenkins v. Regal Cinemas, Inc.*, No. 1:20-cv-03782 (N.D. Ill. Dec. 1, 2020) (Feinerman, J.) (Ex. I) (staying case pending *Cothron*); *Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at

4

*3 (N.D. Ill. Oct. 23, 2020) (Aspen, J.) (noting that "courts have concluded that stays are still appropriate considering countervailing interests weighing in favor of a stay" and granting stay pending *Tims*); Order at 3, *Bell v. SDH Servs. W., LLC*, No. 1:20-cv-01381 (N.D. Ill. Aug. 27, 2020) (Ellis, J.) (Ex. J) ("[T]he ruling in *Tims* could streamline discovery and class certification proceedings. In light of these considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay.").[2]

11. For these reasons, Prospera respectfully requests that the Court enter an order staying all proceedings pending decisions by the Seventh Circuit Court of Appeals in *Cothron v. White Castle System., Inc.*, No 20-3202, the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562, and the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.

Dated: January 4, 2021

Respectfully submitted,

**PROSPERA, LLC**

By: */s/ Erin Bolan Hines*
    One of Its Attorneys

Melissa A. Siebert
Erin Bolan Hines
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
masiebert@shb.com
ehines@shb.com

---

[2] Numerous Illinois trial courts have also granted stays pending *Tims* and/or *Marion*. *See, e.g.*, Order, *Ambrose v. LCS Cmty. Emp't LLC*, No. 2019 CH 09912 (Cook Cty. Cir. Ct. Nov. 2, 2020) (Ex. K); Order Granting Defendants' Amended Motion to Stay Proceedings, *Young v. Bria Health Servs., LLC*, No. 19L494 (St Clair Cty. Cir. Ct. Oct. 29, 2020) (Ex. L); [Proposed] Order, *Sanchez v. Elite Labor Servs., Ltd. d/b/a Elite Staffing, Inc.*, No. 2018-CH-02651 (Cook Cty. Cir. Ct. Oct. 14, 2020) (Ex. M); Order, *McGraw v. City Beverage*, No. 2020 CH 343 (Cook Cty. Cir. Ct. Aug. 24, 2020) (Ex. N); Agreed Order, *Truss v. Four Seasons Heating & Air Conditioning, Inc.*, Case No. 2019 CH 09633 (June 11, 2020) (Ex. O).

## CERTIFICATE OF SERVICE

I, Erin Bolan Hines, an attorney, hereby certify that on **January 4, 2020**, I caused a true and correct copy of **DEFENDANT PROSPERA, LLC'S MOTION TO STAY PROCEEDINGS** to be electronically served on all counsel via the Court's EC/CMF system.

                                                            */s/ Erin Bolan Hines*