UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIA IBARRA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | No. 20 C 7015 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| PROSPERA, LLC, PORTFOLIO ) | |
| HOTELS & RESORTS, LLC, and ) | |
| MAVERICK HOTELS AND ) | |
| RESTAURANTS, LLC, ) | |
| ) | |
|    Defendants. ) | |

## ORDER

Defendant Prospera, LLC's motion [17] to dismiss is denied. Prospera, LLC's answer is due May 26, 2021.

## STATEMENT

Plaintiff filed in the Circuit Court of DuPage County this BIPA suit against four defendants[1] who, at various times, managed the hotel where plaintiff worked. Defendant Prospera, LLC removed the case here and now moves to dismiss.[2] For the reasons set forth below, the Court denies the motion to dismiss.

The following facts are from plaintiff's complaint, and the Court takes them as true.

---

[1] Plaintiff has since voluntarily dismissed her claims against Somnium Hospitality Group, LLC.

[2] The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In its notice of removal, Prospera, LLC states that the amount in controversy exceeds $5,000,000 and that plaintiff is a citizen of Illinois. Prospera, LLC states that it is a citizen of Delaware (the State under whose laws it is organized) and Pennsylvania (the location of its principal place of business). 28 U.S.C. § 1332(d)(10) (for purposes of the Class Action Fairness Act, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

From April 2015 through February 2020, plaintiff Elia Ibarra ("Ibarra") worked as a housekeeper at the Hilton Chicago/Oak Brook Hills Resort & Conference Center (the "Hotel"). Each defendant managed the Hotel at some point during plaintiff's employment. For example, plaintiff alleges that defendant Portfolio Hotels & Resorts, LLC ("Portfolio") managed the hotel from 2014 until some point in 2018 (plaintiff does not allege the date).

Plaintiff alleges that while Portfolio managed the Hotel, Portfolio required each new employee to have a fingerprint scanned in order to be enrolled in Portfolio's database. Plaintiff alleges that when defendant Prospera, LLC ("Prospera") took over management at some point in 2018 (plaintiff does not allege the date), Portfolio disclosed the biometric data to Prospera.

Plaintiff alleges that Prospera, like Portfolio before it, required every hourly employee to have a fingerprint scanned in order to be enrolled in the database. Like Portfolio, Prospera used a time-tracking system that required plaintiff, and every other hourly employee, to use a fingerprint for authentication. Plaintiff (and every other hourly employee) used her fingerprint to clock in and out of shifts and to clock out for and in after breaks. Prospera did not inform plaintiff in writing of the purpose of the fingerprint scans or the length of time her biometric data would be kept. Prospera did not obtain a written release to collect or store plaintiff's biometric data. Prospera did not develop or adhere to a publicly-available retention schedule or guidelines for destroying the biometric data.

Plaintiff alleges that, when defendant Maverick Hotels and Restaurants LLC ("Maverick") and Somnium Hospitality Group, LLC ("Somnium") took over management of the Hotel at some point in 2019 (plaintiff does not allege the date), Prospera disclosed and disseminated plaintiff's biometric information to Maverick and Somnium.

Based on these allegations, on October 2, 2020, plaintiff filed in the Circuit Court of DuPage County a complaint asserting three counts against Prospera. In Count I, plaintiff asserts that Prospera violated 740 ILCS § 14/15(a) by failing to develop and adhere to a publicly-available retention schedule for biometric information. In Count II, plaintiff asserts that Prospera violated 740 ILCS § 14/15(b)(3) by collecting and storing plaintiff's biometric information without first obtaining a release. In Count III, plaintiff asserts that Prospera violated 740 ILCS § 14/15(d) by disclosing plaintiff's biometric information without first obtaining consent for disclosure.

## STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to

3

be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

## DISCUSSION

### A. Statute of limitations

Prospera first argues that plaintiff's claims are barred by the statute of limitations. A statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c)(1). A plaintiff need not plead around an affirmative defense, and the Court may not dismiss on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

The parties disagree about the appropriate statute of limitations, because BIPA does not set one out. Illinois's five-year default statute of limitations provides:

> actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, *and all civil actions not otherwise provided for*, shall be commenced within 5 years next after the cause of action accrued.

735 ILCS 5/13-205 (emphasis added). As is clear from the language of the statute, it "covers all actions for which no limitations period is otherwise prescribed." *Armstrong v. Guigler*, 174 Ill.2d 281, 285 (Ill. 1996). Nonetheless, plaintiff argues her BIPA claims are covered by either the one-year statute of limitations for "[a]ctions for slander, libel or for publication of matter

4

violating the right of privacy" (735 ILCS § 5/13-201) or the two-year statute of limitations for personal injuries (735 ICLS 5/13-202). Under Illinois law, determination of the appropriate statute of limitations depends on the type of injury alleged. *Armstrong*, 174 Ill.2d at 286.

Here, plaintiff alleges that Prospera began managing the Hotel at some point (plaintiff does not allege a date) in 2018. Plaintiff filed suit on October 2, 2020. Accordingly, plaintiff has not alleged, and thus admitted, that her claims are time-barred if either the five-year or the two-year statute of limitations applies. The Court, thus, needs to consider only whether the one-year statute of limitations applies to any of plaintiff's claims.

In Count I, plaintiff asserts that Prospera violated 740 ILCS § 14/15(a) by *possessing* biometric data without developing and adhering to a publicly-available retention schedule for biometric information. Prospera's alleged possession of biometric data without a retention schedule does not subject plaintiff to a publication injury. Because plaintiff does not allege a publication injury in Count I, the one-year statute of limitations for "publication of matter violating the right of privacy" does not apply to that claim. *See, e.g., Quarles v. Pret a Manger (USA) Limited*, Case No. 20 CV 7179, 2021 WL 1614518 at *3 (N.D. Ill. April 26, 2021). Similarly, in Count II, plaintiff asserts that Prospera *collected* biometric data without obtaining a release. That claim does not result in a publication injury, either. The only Count that might be thought to allege a publication injury is Count III, in which plaintiff alleges that Prospera *disclosed* plaintiff's biometric information to Maverick and Somnium. Plaintiff alleges that that disclosure occurred in 2019, although she does not allege a date. (Complt. ¶¶ 41-42). Plaintiff filed suit in October 2020, so even assuming the one-year statute of limitations applies to Count III, plaintiff has not alleged, and thus admitted, that the claim is time-barred.

The Court will not dismiss plaintiff's claims on the basis of a statute of limitations.

B.     Workers' Compensation preemption

Next, Prospera argues that plaintiff's claims are preempted by the Illinois Workers' Compensation Act ("IWCA"). Preemption, like a statute of limitations, is an affirmative defense around which plaintiff need not plead. *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039-40 (7th Cir. 2018). The Court will dismiss on the basis of this affirmative defense only if plaintiff has alleged, and thus admitted, that the claim is preempted. "As a federal court sitting in diversity jurisdiction, our task is to predict how the Illinois Supreme Court would decide" this issue. *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015).

Under Illinois law, workers' compensation is the exclusive remedy for an employee for "injury or death sustained" in "the line of his duty." 820 ILCS 305/5(a). Where, however, the injury was, among other things, not accidental or not the type of injury compensable under workers' compensation, the remedy is not exclusive. *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 463 (Ill. 1990).

This Court previously predicted that "the Illinois Supreme Court would find [BIPA] injuries are not the 'type of injury'" compensable under the IWCA. *Treadwell v. Power Solutions Int'l, Inc.*, 427 F. Supp.3d 984, 993 (N.D. Ill. 2019). Nothing in defendant's briefs suggests to this Court that that conclusion was mistaken, and subsequent court decisions (including one by an Illinois Appellate Court) agree that BIPA claims are not preempted by the IWCA. *See McDonald v. Symphony Bronzeville Park LLC*, 2020 IL App (1st) 192398 at ¶ 27, __ N.E.3d __, __ (First Dist.) (2020) ("[W]e fail to see how a claim by an employee against an employer for liquidated damages under the Privacy Act—available without any further compensable actual damages being alleged or sustained and designed in part to have a preventative and deterrent effect—represents the type of injury that categorically fits within the

6

purview of the Compensation Act, which is a remedial statute designed to provide financial protection for workers that have sustained an actual injury."); *see also Quarles*, Case No. 20 CV 7179, 2021 WL 1614518 at *2 (N.D. Ill. April 26, 2021).

Plaintiff has not alleged the ingredients of defendant's preemption defense, and the Court will not dismiss the complaint on that basis.

### C. Damages

Next, Prospera argues that plaintiff has not sufficiently alleged damages, because she has not included sufficient allegations of negligent, reckless or intentional conduct. The Court disagrees.

BIPA sets out the remedies available to a party who prevails on a BIPA claim. First, a prevailing party can obtain "liquidated damages of $1,000 or actual damages, whichever is greater" against a defendant who "negligently violates" BIPA. 740 ILCS 14/20(1). A prevailing party can obtain "liquidated damages of $5,000 or actual damages, whichever is greater" against a defendant who "intentionally or recklessly violates" BIPA. 740 ILCS 14/20(2).

The Court agrees with plaintiff that additional damage allegations are not necessary. Rule 8(a)(3) requires plaintiffs to include a "demand for the relief sought" but does not require damages to be alleged plausibly or with particularity. Fed.R.Civ.P. 8(a)(3). The Court concludes that plaintiff does not need to include additional allegations of defendant's mental state in order to state the underlying BIPA claim, because those allegations are relevant only to damages. *See Cothron v. White Castle Syst., Inc.*, 467 F. Supp.3d 604, 615 (N.D. Ill. 2020) ("Rule 12(b)(6) does not require [a BIPA plaintiff] to plead the facts that will determine the amount of actual damages she may be entitled to recover."). Plaintiff has given sufficient notice of her demand for damages.

### D. *Assumption of risk*

Finally, Prospera argues that plaintiff's BIPA claims based on negligence are barred by assumption of risk. Assumption of risk is an affirmative defense (Fed.R.Civ.P. 8(c)(1)), and the Court cannot dismiss a claim based on an affirmative defense unless the plaintiff pleads, and thus admits, the elements of the affirmative defense.

Prospera has not shown plaintiff did so here. First, Prospera has not cited a single case in which a court held that assumption of risk is a defense to a BIPA claim. There are many reasons to conclude that such a defense is inapplicable to BIPA. *See Snider v. Heartland Beef, Inc.*, 479 F. Supp.3d 762, 772-73 (C.D. Ill. 2020) (describing reasons why assumption of risk defense might not apply to BIPA claims). The Court need not decide whether the defense would be applicable, because plaintiff has not alleged, and thus admitted, the elements of the defense. Plaintiff has not, for example, alleged she was aware of and consented to the risks.

For all of these reasons, the Court denies Prospera's motion to dismiss.

SO ORDERED.                                ENTERED: May 12, 2021

_____
JORGE L. ALONSO
United States District Judge