IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIA IBARRA, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:20-cv-7015<br>) |
| PROSPERA, LLC, PORTFOLIO HOTELS & RESORTS, LLC, MAVERICK HOTELS AND RESTAURANTS, LLC, AND SOMNIUM HOSPITALITY GROUP, LLC | ) Hon. Jorge L. Alonso<br>)<br>) Magistrate Judge Jeffrey I. Cummings<br>)<br>) |
| Defendants. | ) |

**PROSPERA, LLC'S MOTION TO REINSTATE STAY**

Defendant Prospera, LLC ("Prospera") respectfully requests this Court to reinstate the discovery stay and stay these proceedings until the Seventh Circuit and Illinois appellate courts issue three impending decisions that will determine whether Plaintiff's claims are time-barred. Prospera believes reinstating the stay is appropriate in view of this Court's June 23, 2021 opinion in *Fleury v. Union Pacific Railroad Company*, Case No. 20 C 390 (N.D. Ill. June 23, 2021) (*Union Pacific* Order, Ex. A) granting a highly similar request. In *Union Pacific*, the Court recognized that a stay pending those decisions would "facilitate the simplification of the issues in question and reduce the burdens of litigation on the parties." *Id.* at 5. The same is true here. If *Tims* and *Marion* decide that BIPA claims are subject to a one-year limitation period and *Cothron* holds that BIPA claims accrue only upon the first collection, then Plaintiff's claims will be time-barred. Because a modest delay to litigation will not unduly prejudice Plaintiff, the Court should grant a stay.

## BACKGROUND

1. Plaintiff was employed by Prospera from August 16, 2018 to September 5, 2019, at the Hilton Chicago/Oak Brook Hills Resort Conference Center (the "Hotel"), located in Oak Brook, Illinois. (Dkt. 42 at 2.) Plaintiff filed her Complaint on October 20, 2020, alleging Prospera acquired her finger-scan data from her former employer, Portfolio Hotels, when Prospera took over management of the Hotel. (Dkt. 1-1, ¶¶ 40, 58.) Portfolio Hotels allegedly collected Plaintiff's finger-scan data in ***April 2015*** (*id.* ¶¶ 54-55) when the statute of limitations began to run on her BIPA claims. Plaintiff also alleges Prospera required her and all hourly employees to scan their fingers to enroll it its employee database. (*Id.* ¶¶ 41, 56.)

2. Pending decisions by (i) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No 20-3202; (ii) the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562; and (iii) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC,* No. 3-20-0184, warrant a stay. A stay also is appropriate pending the Illinois Supreme Court's Decision in *In re: McDonald v. Symphony Bronzeville Park, LLC*, No. 126511. Each of these cases addresses issues fundamental to the viability of this litigation, and the outcomes of these appeals may compel dismissal of Plaintiff's claims here. In addition, recent developments on issues critical to this case also support a stay now.

### *COTHRON*, *TIMS*, AND *MARION* APPEALS

3. On November 9, 2020, the Seventh Circuit Court of Appeals granted a petition in *Cothron* brought pursuant to 28 U.S.C. § 1292(b) that will address the following crucial issue regarding BIPA claim accrual:

> Whether a private entity violates Sections 15(b) or 15(d) of [BIPA] only when it is alleged to have first collected or to have first disclosed ['biometric data'] of an

> individual without complying with those Sections, or whether a violation occurs under Sections 15(b) or 15(d) each time that a private entity allegedly collects or discloses the individual's biometric data.

Order, Ex. B; *see also* Defendant White Castle System, Inc.'s Motion to Amend Ruling to Certify Question for Appeal at 1, *Cothron v. White Castle Sys., Inc.*, 1:19-cv-00382 (N.D. Ill. Aug. 17, 2020), Ex. C. Briefing in this case is expected to be completed by July 9, 2021 and oral argument is set for September 14, 2021.

4. On April 23, 2020, the Illinois Appellate Court for the First Judicial District granted a petition for interlocutory appeal under Illinois Supreme Court Rule 308 in *Tims* to determine whether BIPA claims are governed by a one-year or five-year statute of limitations. Ex. D. Shortly thereafter, the Illinois Appellate Court for the Third Judicial District granted a Rule 308 petition in *Marion* to address whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. Ex. E. Both cases are fully briefed.

5. *Cothron*, *Tims*, and *Marion* each have the potential to provide critical insight into issues in this case, namely, whether Plaintiff's BIPA claims – which Prospera contends accrued when Plaintiff first scanned her finger to enroll in Portfolio Hotels' timekeeping system in April 2015 or in August 2018 when Prospera took over management of the Hotel – are timely or are instead barred under a one-year, two-year, or five-year statute of limitations. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently.").

6. Even if Plaintiff's own claims are ultimately not time-barred, these appeals have the potential to dramatically shape the remainder of this lawsuit by determining, and perhaps greatly limiting, the size of the putative class. Staying this case in its entirety pending the resolution

of these appeals is advisable while key issues regarding Plaintiff's own claims, the scope and size of the putative class, and consequently the extent of permissible discovery, remain in flux.

7. At least nine federal judges in Illinois, in addition to this Court, have stayed BIPA cases pending the rulings in *White Castle*, *Tims*, and/or *Marion*. *See, e.g.*, *Hall v. Meridian Senior Living*, 21-cv-00055 (S.D. Ill. June 29, 2021) ("*Hall* Order") (staying case pending *Tims*, *Marion*, and *Cothron*) (Ex. F); *Regan v. Bajco Illinois LLC*, 21-cv-3064, 2021 WL 2025896 (C.D. Ill. May 21, 2021) ("*Regan* Order") (staying case pending *Tims*, *Marion*, and *Cothron*)) (Ex. G); *Herron v. Gold Standard Baking, Inc.*, 20-cv-7469 (N.D. Ill. Apr. 9, 2021) ("*Herron* Order") (staying case pending *Tims*, *Marion*, and *Cothron*) (Ex. H); *Kyles v. Papa John's Int'l, Inc.*, 1:20-cv-07146 (N.D. Ill. Mar. 4, 2021) (Blakey, J.) (*Papa John's* Order) (Ex. I) (staying case pending *Cothron* and *McDonald*); *Donets v. Vivid Seats LLC*, No. 1:20-cv-03551 at 4 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.) ("*Donets* Order") (granting stay pending *Cothron*, *Marion*, and *Tims*) (Ex. J); *Varnado v. West Liberty Foods*, 2021 WL 545628, at *1-*2 (N.D. Ill. Jan. 5, 2021) (staying proceedings pending a decision in *Tims* because plaintiff did not file his BIPA claims within one year, and the *Tims* decision would "control the statute of limitations issue); *Roberson v. Maestro Consulting Serv LLC*, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021) (granting stay pending decisions in *Tims*, *Marion*, and *White Castle* because they could control the timeliness issue and guide the parties' positions in the litigation); *Wilson v. Am. Stair Corp. Inc.*, No. 1:20-cv-07321 (N.D. Ill. Feb. 22, 2021) (Wood, J.) ("*Wilson* Order) (granting stay pending the decision in *Tims*) ") (Ex. K); *Bell v. SDH Servs. W., LLC*, No. 1:20-cv-01381 (N.D. Ill. Aug. 27, 2020) (Ellis, J.) ("*Bell* Order") (granting stay pending *Tims*) (Ex. L).

8. A stay is further supported by the recent decision in *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, Case No. 2021 IL 12578, in which the Illinois Supreme

Court affirmed that BIPA claims are publication-based privacy claims that accrue only once. In *West Bend*, the court held that BIPA, as a whole, is designed to "protect[] a secrecy interest—here, the right of an individual to keep his or her personal identifying information like fingerprints secret." *Id*. ¶ 46; *see also Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186 ¶ 33 (BIPA claims undoubtedly are claims for invasions of privacy). According to *West Bend*, once purported biometric data is published by communication to a third party, the individual's "right to keep certain information confidential" is violated, and the data's "secrecy" is lost. *Id*. ¶ 45.

9. In analyzing "publication" under Section 15(d) claims, *West Bend* implicitly recognized that Section 15(a) and 15(b) claims are both subject to the one-year statute of limitations. *Id*. at ¶ 43. Applying *West Bend*, all of Plaintiff's BIPA claims are untimely. The Illinois legislature enacted BIPA to protect biometric identifiers and information. *Rosenbach*, 2019 IL 123186, ¶ 37 (the "point of the law" is to prevent the "irreversible harm that could result if biometric identifiers and information are not properly safeguarded"). BIPA accomplishes this goal through Section 15(b)'s procedural "safeguards" of providing notice and obtaining consent. *Id*., at ¶ 36 (BIPA imposes "safeguards to insure that individuals' and customers' privacy rights . . . [are] protected to begin with, before they are or can be compromised"). Similarly, Section 15(a) provides further safeguards, requiring employers to follow established retention and destruction schedules for biometric data. *See Miller v. Southwest Airlines Co*., 926 F.3d 898, 902 (7th Cir. 2019) ("[t]he longer data are retained, and the more people have access, the greater the risk of disclosure"). *West Bend* also notes that BIPA, as a whole, is designed to "protect[] a secrecy interest—here, the right of an individual to keep his or her personal identifying information like fingerprints secret." *Id*. at ¶ 46. This reaffirms the Illinois Supreme Court's observation in *Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶ 34 that BIPA is designed to protect

privacy interests generally, and to guard against the loss of control over private data more specifically.

10. It is likely that the *Tims* and/or *Marion* Court will apply *West Bend* to conclude that the one-year statute of limitations applies to BIPA claims alleging improper disclosure of an individual's data, and likely to all BIPA claims, given that the disclosure of private data is what the Illinois Legislature intended to prevent in enacting BIPA.[1] Those holdings will likely be controlling here[2] and will compel dismissal of Plaintiff's section 15(d) claim alleging that Prospera "disclosed" her finger-scan data "to at least one third-party biometric timekeeping vendor" (compl. ¶ 46), and her section 15(a) and (b) claims.

11. *Cothron* also is likely to apply *West Bend* now that the Illinois Supreme Court has expressly stated that BIPA claims are publication-based privacy claims and, consistent with the single-publication rule, BIPA claims accrue only at first publication. *Cothron* is also likely to find that *West Bend's* holding that BIPA protects a "secrecy interest" supports BIPA claims accruing at first publication, and that subsequent violations do not cause additional injury or give rise to new claims, because once the privacy interest that BIPA protects has been shared, privacy is lost. *See Rosenbach*, 2019 IL 123186, ¶¶ 36–37; *McDonald*, 2020 IL App (1st) 192398, ¶ 27.

## *MCDONALD* APPEAL

12. On January 27, 2021, the Illinois Supreme Court granted leave in *McDonald* to appeal the issue of whether the Illinois Workers' Compensation Act ("IWCA") preempts claims

---

[1] On June 18, 2021, the defendant in *Tims* filed a Motion To Cite Supplemental Authority of *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 12597, arguing that "the issue in *West Bend* overlaps with determining whether the privacy statute of limitations pursuant to 735 ILCS 5/13-201 ("Defamation—Privacy") applies to alleged violations of BIPA §§15(a), 15(b) and/or 15(d)." (Ex. M, at 3). The motion was quickly granted by the Illinois Appellate Court on June 21, 2021. (Ex. N).

[2] *See Union Pacific* Order at 4 ("And [the *Tims* and *Marion* ] decisions would likely be controlling here since this Court is sitting in diversity and applying Illinois law here.")

for liquidated damages against an employer accused of violating BIPA. Ex. O. A stay is appropriate pending the Supreme Court's decision in *McDonald* because the outcome of that appeal will directly affect the viability of Plaintiff's BIPA claims against Prospera.[3] To wit, if the Supreme Court decides in *McDonald* that the IWCA indeed bars BIPA claims brought against employers, then dismissal of Plaintiff's Complaint will be required.

13. While Prospera appreciates that courts have concluded the IWCA does not preempt BIPA claims, the Illinois Supreme Court could very well reach the opposite conclusion, as one federal district court recently observed in granting a stay pending *McDonald*.

14. In *Jones v. IAS Logistics DFW, LLC d/b/a Pinnacle Logistics*, No. 1:19-cv-02510 (N.D. Ill. Apr. 27, 2021) ("*Jones* Order"), Ex. P, Judge Kocoras rejected the argument that the absence of courts finding in favor of IWCA preemption supported not granting a stay on this "pivotal" and "dispositive" issue in BIPA litigation. To the contrary, he noted that the Illinois Supreme Court's decision to address a question of law about which the lower courts are largely in agreement indicates that "the Illinois Supreme Court must be hinting at something," *id.* at 3, and in fact provides a 'compelling reason' to doubt that the Illinois Appellate Court 'stated the law correctly.'" *Id.* at 2 (quoting *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001)). Because, indeed, "if the Illinois Appellate Court's conclusion were truly so firm, what need would there be for the Illinois Supreme Court to take up the case?" *Id.* at 3. The fact that "the Illinois Supreme Court might come out the other way" sufficed to show that the defendant had "met its burden of demonstrating that a stay is warranted" pending the *McDonald* decision. *Id.* at 2.

---

[3] Courts throughout Illinois stayed BIPA cases while the Illinois Supreme Court considered its last BIPA appeal in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186.

15. Judge Kocoras also concluded that awaiting the *McDonald* decision would "meaningfully conserve judicial resources and avoid substantial prejudice to [the defendant]" if there is a finding of preemption, *id.* at 3, which outweighed the minimal, speculative prejudice a stay would cause plaintiff, whom the defendant no longer employed. *Id.* at 4. Consequently, the Judge thoughtfully "exercise[d his] judicial experience and common sense to stay [the] case." (*Id.* at 3).

16. In short, the fact that the Illinois Supreme Court accepted the *McDonald* appeal, despite the unanimity of trial courts on the issue and without first awaiting decisions by other state courts of appeal (including the pending *Mario*n appeal also involving IWCA preemption), demonstrates that a stay is the "common sense" choice in BIPA lawsuits against employers.

17. Several other Illinois federal district courts have similarly granted (or continued) stays to await the Illinois Supreme Court's decision in the *McDonald* petition. *E.g.*, *Papa John's* Order, Ex. I; *Miller v. Jerry Erwin Assocs. LLC*, No. 1:21-cv-01043 (C.D. Ill. Feb. 22, 2021) (Long, M.J.) (Ex. Q); *Wilson* Order, Ex. K..

## A STAY IS WARRANTED NOW

18. Accordingly, this Court should exercise its power to "stay proceedings as part of its inherent authority to control the disposition of cases before it." *Philips Elecs., N.V. v. N.H. Ins. Co.*, 295 Ill. App. 3d 895, 901 (1st Dist. 1998); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); Ill. Sup. Ct. R. 308(e) (providing

that either the trial court or the appellate court may stay proceedings in the trial court pending an interlocutory appeal).

20. A court assessing a motion for stay should consider whether staying the proceedings has the potential to save time, money, and effort for everyone concerned and, if so, weigh such benefits against potential hardships the stay will impose on the opponent. *Landis*, 299 U.S. at 254; *see also State Farm Fire & Cas. Co. v. John*, 2017 IL App (2d) 170193, ¶ 18 ("In determining whether to stay proceedings, the circuit court has discretion to consider factors such as the 'orderly administration of justice and judicial economy . . . .'").

20. Because *Cothron*, *Tims*, *Marion*, and *McDonald* each has the potential to prevent Plaintiff from succeeding with her BIPA claims against Prospera, granting a stay here will preserve time and resources the parties would otherwise expend drafting and arguing motions, conducting further discovery, and litigating potential discovery disputes, and will also preserve time the Court would devote to resolving those motions and disputes – all of which may be mooted by one or more of these decisions. *See Union Pacific* Order, Ex. A, at 6 ("the Court finds that the simplifying-the-issue and reduce-the-burden factors weigh in favor of a stay"); *Jones* Order, Ex. P, at 4 (concluding stay "would meaningfully streamline the issues and reduce the burden on the parties and the Court"); *Regan* Order, Ex. G at *3—*4 (ordering stay because "the *Tims* and *Marion* courts could provide clarity that could simplify the issues, streamline the trial, and reduce the burden of litigation on the Parties" and "[t]he *Cothron* decision could also materially affect the scope of the possible class claims"); *Herron* Order, Ex. H at 9 (holding stay would "simplify the [statute of limitations and accrual] issues in question" and "reduce the burden of litigation on the parties and the court"); *Donets* Order, Ex. J at 4 (finding that plaintiff's "concerns do not justify

9

denying [defendant's] request for a stay, taking into account the economies to be gained from staying this litigation" and granting stay).

21. A stay is particularly appropriate considering this case is in discovery, and Plaintiff is already seeking discovery about the prospective class. Proceeding with class discovery without knowing when a BIPA plaintiff's claims accrue and the proper statute of limitations creates unnecessary inefficiencies. Discovery may need to be redone if the opinions in those cases alter the class. Given the strong efficiencies that will be gained from clarifications in the law, the benefits of a stay strongly outweigh the costs of one. *Donets* Order, Ex. J at 4 (holding stay appropriate pending outcome in *Cothron* because of the ruling's potential impact on class size); *Bell* Order, Ex. L at 3 (granting stay pending *Tims* because ruling "could streamline discovery and class certification proceedings").

22. On the other hand, temporarily staying this case will not unduly prejudice Plaintiff – who no longer works for Prospera – or the other putative class members. Courts in this district have repeatedly held that any prejudice resulting from such a delay is not undue, particularly in view of a stay's benefit in terms of simplifying issues and reducing burden. *See, e.g.*, *Herron* Order, Ex. H at 11-12, (granting stay over plaintiff's arguments that delay in litigation and potential recovery was unduly prejudicial); *Vaughan*, 2020 WL 6262359, at *2 (stay while waiting appellate decisions was unlikely to prejudice non-moving party); *Donets* Order, Ex. J at 4 (granting stay over plaintiff's objection to delay).

23. For these reasons, Defendant Prospera respectfully requests that the Court enter an order reinstating the discovery stay and staying all proceedings pending decisions by the Seventh Circuit Court of Appeals in *Cothron v. White Castle Systems*, No. 1: 2019 cv 00382; the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-

20-0562; the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC,* No. 3-20-0184; and the Illinois Supreme Court in *McDonald v. Symphony Bronzeville Park, LLC*, No. 1-19-2398.

Dated: July 8, 2021            Respectfully submitted,

                                             **PROSPERA, LLC**

                                             By: */s/ Erin Bolan Hines*
                                                   One of Its Attorneys

                                             Melissa A. Siebert (*masiebert@shb.com*)
                                             Erin Bolan Hines (*ehines@shb.com*)
                                             SHOOK, HARDY & BACON L.L.P.
                                             111 South Wacker Drive, Suite 4700
                                             Chicago, Illinois 60606
                                             Tel: (312) 704-7700
                                             Fax: (312) 558-1195
                                             Firm ID: 17044

## **CERTIFICATE OF SERVICE**

I, Erin Bolan Hines, an attorney, hereby certify that on July 8, 2021 I caused a true and correct copy of **PROSPERA, LLC'S MOTION TO REINSTATE STAY** to be served via the court's Electronic Case Filing system. Parties may access this filing through the Court's system.

<u>/s/     Erin Bolan Hines</u>