UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELIA IBARRA, individually,** <br> **and on behalf of all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **PROSPERA, LLC,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) Case No. 2022-CV-7015 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

This matter coming to be heard on July 17, 2024, for Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion") and Class Counsel's Unopposed Petition for Approval of Attorneys' Fees and Costs, Settlement Administration Fees, and a Service Award to the Class Representative ("Fee Petition"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. Capitalized terms not defined herein shall have the meaning set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement"). The terms of the Settlement Agreement are fully adopted and incorporated herein.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.  On April 9, 2024, this Court preliminarily approved the Settlement Agreement and certified, for settlement purposes only, the following Settlement Class:

> All individuals working or who worked for Prospera, LLC in the state of Illinois and who had their purported biometric identifier(s) and/or biometric information collected, captured, otherwise obtained, used, received, converted, maintained, stored, shared, disseminated, or disclosed by Prospera at any time from October 2, 2015 through April 9, 2024.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

5.  The Court finds for purposes of settlement that there is a bona fide legal dispute between the Parties as to whether Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* by: (1) failing to inform individuals in writing that it will be collecting, storing, and using biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information); (2) failing to inform individuals in writing of the specific purpose and length of time for which their biometric data is collected, stored, and used; (3) failing to obtain individuals' written release and/or consent for the collection, use, storage, and dissemination of their biometric data; and (4) failing to develop and adhere to a publicly-available retention schedule and guidelines for permanently destroying individuals' biometric data.

6.  The Court grants Final Approval of the Settlement memorialized in the Settlement Agreement filed with the Court.

7.  The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court finds that: (a) the complexity, length and expense of further litigation support Final Approval of the Settlement; (b) the Settlement Fund of $391,950.00 for 400 Settlement Class Members is a fair, reasonable and adequate settlement of the claims in the Action; (c) the Settlement was reached pursuant to arm's-length negotiations between Counsel

for the Parties; (d) the support for the Settlement expressed by Class Counsel and Counsel for Defendant, all of whom have significant experience representing parties in complex class actions, weighs in favor of Final Approval of the Settlement; (e) the absence of any objections or exclusions to the settlement by Class Members supports Final Approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and therefore warrants Final Approval of the Settlement.

8. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

9. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Settlement Class Members.

10. Upon the Effective Date of the Settlement Agreement, Named Plaintiff, Settlement Class Members, and the other Released Parties by operation of this final judgment shall be fully bound by the release terms and provisions set forth in the Settlement Agreement and, in accordance therewith, hereby fully, finally and forever release, waive, and discharge any and all Released Claims against the Released Parties.

11. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice

practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

12. No Settlement Class Members have objected to any of the terms of the Settlement Agreement, nor have any Settlement Class Members excluded themselves.

13. Simpluris, Inc. is administering the Settlement as the Settlement Administrator pursuant to the terms of the Settlement Agreement. Simpluris, Inc. shall make a settlement payment to each Settlement Class Member as well as to the Named Plaintiff, in accordance with the provisions of the Settlement Agreement.

14. Any uncashed settlement funds will be distributed to a *cy pres* recipient, and the Court approves Illinois Coalition for Immigrant and Refugee Rights as the *cy pres* recipient, in accordance with the Parties' Agreement.

15. The Court approves payment of attorneys' fees to Class Counsel in the amount of $146,981.25 and costs in the amount of $6,226.06. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs is appropriate and reasonable for the following reasons: (a) the Settlement provides substantial benefits to the Settlement Class; (b) the payment is fair and reasonable in light of the substantial work performed by Class Counsel; (c) the Settlement was negotiated in good faith at arms-length

without collusion.  Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and no Class Members objected to the Settlement or those terms.

16. The Court approves settlement Administration Fees in the amount of $10,400.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

17. The Court approves a service award in the amount of $7,500.00 for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Neither this Final Approval Order, the Settlement Agreement, or the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the other Released Parties.  The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

19. Any objections to the Settlement Agreement are overruled and denied in all respects. This Court hereby dismisses the case in its entirety with prejudice, without awarding

costs or fees to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement.

20. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law.

21. The Clerk is directed to enter final judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: July 17, 2024

_____
Hon. Judge Jorge L. Alonso